Johnnie W. HRUSKA et ux.,
Petitioners,

v.

FIRST STATE BANK OF DEANVILLE
et al., Respondents.

No. C–6451.

Supreme Court of Texas.

March 30, 1988.

Rehearing Denied May 4, 1988.

Eugene J. Pitman, De Lange, Hudspeth, Pitman & Katz, Houston, for petitioners.

James R. Chapman, Jr., Batista and Chapman, P.C., Caldwell, J. Bradley Smith, Vance, Bruchez & Goss, Bryan, for respondents.

WALLACE, Justice.

This case presents the question of whether a lien on a homestead may be created by estoppel. The trial court rendered judgment on a jury verdict against Mr. and Mrs. Johnnie Hruska. The judgment awarded First State Bank of Deanville the sum of $112,900.77 (representing the principal and interest on a promissory note) plus attorney's fees in the amount of $17,500. The court also awarded BrazosBanc Savings Association the sum of $2,919.93 (representing the principal and interest on another note) plus $12,570 in attorney's fees. In addition to the monetary awards, the trial court's judgment purported to: (1) es-

tablish an equitable lien on the Hruskas' homestead; (2) declare that the Hruskas were estopped to deny the validity of the lien; and (3) grant First State Bank of Deanville the power to foreclose the lien. The court of appeals affirmed the trial court judgment. 727 S.W.2d 732. We reverse that portion of the judgment granting the lien and affirm the remainder of the judgment.

Mr. and Mrs. Hruska, seeking financing for construction of a house on a five acre tract, contacted BrazosBanc Savings Association. At the time they contacted Brazos-Banc to secure financing for the house, the Hruskas were living on the property. BrazosBanc agreed to provide permanent financing, and issued a permanent loan commitment. However, BrazosBanc referred the Hruskas to the First State Bank of Deanville for construction financing. Mr. Treybig, a vice-president of First State Bank, agreed to provide a construction loan.

When construction was almost completed, BrazosBanc reviewed the Hruskas' file in anticipation of making the permanent loan. At that time, it was discovered that a mechanic's and materialman's lien had not been filed. In discussions between Mr. Treybig and the Hruskas, it was determined that such a lien had never been prepared.

Mr. Treybig urged the Hruskas to contact a lawyer in order to resolve the problem. A mechanic's and materialman's lien was prepared. However, to be valid, a mechanic's and materialman's contract must be written and executed *before* the materials are furnished and the improvements constructed. TEX. CONST. art. XVI, § 50. In an effort to cure the problem regarding the timing of the lien contract, the attorney who prepared the contract backdated it to a date prior to any construction. The contract was then executed.

When the Hruskas defaulted on the note given to secure the backdated and invalid lien, First State Bank filed suit on the promissory note securing the construction loan. First State Bank also sought to es-

tablish and foreclose an equitable lien against the Hruskas' homestead. It asserted that this lien should be imposed through principles of equity, because the Hruskas allegedly misrepresented that they would prepare the paperwork necessary to secure the loan. The Hruskas responded with a counterclaim against First State Bank and joined BrazosBanc as a third party defendant. They also claimed that no lien existed against their homestead. BrazosBanc counterclaimed for the amount due on a promissory note given in consideration of monies loaned to construct a water well on the Hruskas' property. BrazosBanc did not, however, claim any lien on the homestead. The jury's findings on all claims were favorable to First State Bank and BrazosBanc, and the trial court rendered judgment accordingly.

The portion of the judgment that grants an equitable lien on the homestead was apparently based upon the jury's finding that the Hruskas misrepresented to Mr. Treybig that they would get the "necessary paperwork" done to secure the loan. The Hruskas insist that there was no evidence to support the jury's finding that they misrepresented to First State Bank that they would have a mechanic's and materialman's lien prepared. All of the evidence to support the jury's verdict was elicited by questions that were objectionable on one or more grounds. However, no objections were made by the Hruskas' trial counsel. Careful scrutiny of the record leads us to conclude that the unobjected to questions elicited enough evidence to defeat the no evidence point.

■ In affirming the trial court's judgment, the court of appeals held that the Hruskas were estopped to deny the validity of the lien imposed by the trial court. The court apparently reasoned that the alleged misrepresentations by the Hruskas could create an equitable lien and could additionally estop the Hruskas from denying the lien's validity. This reasoning is faulty. A lien on a homestead can be created only in the manner set out in the Constitution. The constitutional requirements for the creation of a lien against the Hruskas' home-

stead had not been complied with at the time of the misrepresentations. Consequently, there was no existing lien. The fact that the Hruskas may have promised to execute a lien in the manner mandated by the Constitution and then failed to do so, does not change the fact that *no such lien was prepared.*

 A lien cannot be "estopped" into existence. It is true that we have held that, in certain circumstances, a homestead claimant may be estopped to deny the validity of an *existing* lien. *Lincoln v. Bennett*, 156 S.W.2d 504, 505 (Tex.1941). However, *Lincoln* is not authority for the proposition that a lien may be created by oral representation, as First State Bank attempted to do here. The function of waiver or estoppel is to preserve rights, not to create independent causes of action. *Southland Life Insurance Co. v. Vela*, 147 Tex. 478, 217 S.W.2d 660, 663 (1949). Waiver and estoppel are defensive in nature and operate to prevent the loss of existing rights. They do not operate to create liability where it does not otherwise exist. *Jones v. Texas Gulf Sulphur Co.*, 397 S.W.2d 304, 307 (Tex.Civ.App.—Houston 1965, writ ref'd n.r.e.).

First State Bank had the burden to prove that a lien existed. Only after that burden was discharged could there have been a basis to support a claim of waiver or estoppel. See, *Southland Insurance Co. v. Vela.* In this case, the false statements or promises allegedly made by the Hruskas could not create a lien. They could only serve to estop the Hruskas from contesting the validity of an existing lien. Since there is no evidence that the Hruskas made any misrepresentations regarding an existing lien, there is no basis for the application of principles of estoppel. The trial court erred in imposing a lien on the homestead, and the court of appeals likewise erred in failing to remove it.

■ As for the remaining portions of the trial courts' judgment, the Hruskas concede that they are liable to First State Bank for the full amount of the promissory note sued upon, interest and attorney's fees. The Hruskas also concede they are liable to BrazosBanc for the amount of its note, plus interest. However, they contend that they are not liable for BrazosBanc's attorney's fees because such fees were not segregated between the services rendered to prosecute the suit on the promissory note and those services rendered in defense of the Hruskas' counterclaim attacking the validity of the lien. The general rule is that such attorney's fees must be segregated. *Harmes v. Arklatex Corp.*, 615 S.W.2d 177, 180 (Tex.1981). The attorney's services were not segregated; however, no objection was made to the failure to segregate. Thus, the error was waived. *Aero Energy, Inc. v. Circle C Drilling Co.*, 699 S.W.2d 821, 823 (Tex.1985); *Matthews v. Candlewood Builders, Inc.*, 685 S.W.2d 649, 650 (Tex.1985).

We hold that the purported lien on the Hruskas' homestead is invalid. That part of the court of appeals' judgment affirming that lien is reversed. The court of appeals' judgment which awards First State Bank of Deanville the sum of $112,900.79 (representing principal and interest on their promissory note to date of judgment) plus $17,500 attorney's fees and post-judgment interest is affirmed. Finally, the court of appeals' judgment awarding BrazosBanc Savings Association the sum of $2,919.93 (representing principal and interest to date of trial) plus $12,570 attorney's fees and post-judgment interest is affirmed.