Affirmed and Memorandum Opinion filed October 23, 2007








Affirmed
and Memorandum Opinion filed October 23, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00524-CV

_______________

 

VERA F. WILSON, Appellant

 

V.

 

AAMES CAPITAL CORPORATION, Appellee

                                                                                                                                          


On Appeal from the 125th District Court

Harris County, Texas

Trial Court Cause No. 05-51877

                                                                                                                                            


 

M E M O R A N D U M   O P I N I O N

 

In this homestead foreclosure case,
Vera F. Wilson appeals a judgment entered in favor of Aames Capital Corporation
(AAames@) on the grounds that the evidence
was insufficient to prove that the loan closing took place at the office of the
lender, an attorney, or a title company or that the lender was qualified to
make the home equity loan. We affirm.








Wilson entered into a home equity
loan of $115,500 by executing a note and security agreement with One Stop
Mortgage, Inc. (AOne Stop@), which assigned the note and security agreement to Aames. 
After Wilson defaulted on the note, Aames brought a judicial foreclosure
proceeding against her.[1]  A bench
trial was held, and the court rendered judgment, awarding Aames: (1) recovery
of the note balance; (2) a declaration that the security agreement created an
enforceable lien on Wilson=s homestead; and (3) a foreclosure of that lien.  The trial
court also entered findings of fact and conclusions of law.

In 1997, the Texas Constitution was
amended to allow Ahome-equity@ loans.  See Tex. Const. art. XVI, ' 50.(a)(6);  Doody v. Ameriquest
Mortgage. Co., 49 S.W.3d 342, 343 (Tex. 2001).  However, strict criteria
were imposed in order for a lien to Aattach@ to a homestead, thereby giving its
holder the right to foreclosure.  See Tex. Const. art. XVI, '50 (a)(6)(A)-(Q).  If any of these
requirements are not met, the lien against the homestead is not valid, and the
loan is treated as an unsecured extension of credit.  Doody, 49 S.W.3d
at 345B46.








Wilson=s challenge to the evidence
supporting the judgment relies on her contention that, as the party seeking to
enforce the lien, Aames had the burden to plead and prove that its lien on
Wilson=s homestead satisfied the many
requirements set forth in subsections 50(a)(6)(A)‑(Q).  However, Wilson
cites no authority, and we have found none, indicating that a home equity
lender, seeking to enforce its lien, has the burden of proof on those
requirements.[2]  If anything,
judicial economy would dictate that a failure to comply with any of these
requirements is in the nature of an affirmative defense so that judicial
resources are spent litigating the few requirements that are contested rather
than the many that are not.[3]  Because
Wilson fails to demonstrate that Aames had the burden to prove that it met the
contested constitutional requirements, Wilson=s challenge to the evidence to prove
that compliance affords no basis for relief.  Accordingly, Wilson=s issues are overruled, and the
judgment of the trial court is affirmed.

 

 

 

 

/s/        Richard H. Edelman

Senior Justice

 

Judgment rendered and Memorandum
Opinion filed October 23, 2007.

Panel consists of Justices Yates,
Seymore, and Edelman.*









[1]                      See Tex. R.
Civ. P. 735.  





[2]                      Wilson cites Hruska v. First State Bank of
Deanville to support her claim that Aames had the burden to plead and prove
that it had a valid lien.  747 S.W.2d 783, 785 (Tex. 1988).  However, Hruska
holds only that a lien cannot be created by estoppel and thus has no
application here.  See id. In addition, the holding of Hruska that
a defect in a lien cannot be cured is not longer valid. See Doody, 49
S.W.3d at 346.





[3]                      See generally Greathouse v. Charter Nat=l Bank-Sw.,
851 S.W.2d 173, 175-176 (Tex. 1992)(describing considerations affecting the
allocation of burdens of proof); see also 2 William V. Dorsaneo, III et
al., Tex. Real Estate Guide ''
53.130[1][b] & 53.131 (2001) (stating that invalidity of lien based on
noncompliance with the constitutional requirements is an affirmative defense).





*                      Senior Justice Richard H. Edelman sitting by
assignment.