# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
### NO. 03-09-00579-CV
---

**Samuel G. Santos, Sr., Appellant**

**v.**

**Texas Enterprises, Inc. d/b/a Golden West Oil Company, Appellee**

---
### FROM COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-A-CV-08-009779, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING
---

### M E M O R A N D U M   O P I N I O N

Samuel G. Santos appeals the trial court's order awarding $15,178.33 in attorney's fees plus additional fees in case of appeal to Texas Enterprises, Inc., d/b/a Golden West Oil Company ("Golden West"), in connection with its suit on a sworn account. *See* Tex. Civ. Prac. & Rem. Code Ann. § 38.001(7) (West 2008). Santos contends that the amount of the attorney's fee award is unreasonable and unsupported by the evidence. Because we hold that the attorney's fees granted by the trial court are reasonable, we affirm the trial court's award.

### BACKGROUND

Santos, doing business as Fast Fleet Oil & Lube, failed to pay the balance of $4,170.96 on an open commercial account he maintained with Golden West for the purchase of oil and supplies. Golden West's attorney then sent a letter to Santos requesting payment within 30 days of the balance owed plus $750.00 in attorney's fees. When Santos did not respond to the demand

letter, Golden West filed suit against him in the justice court in Travis County. The justice court entered summary judgment against Santos for $4,170.96 in liquidated damages, prejudgment interest of $497.77, and attorney's fees of $4,200.00. Santos then filed an appeal bond and notice of appeal to the county court at law of Travis County (the "trial court"). The trial court granted Golden West's motion for summary judgment in part, rendering an interlocutory judgment against Santos in the amount of $4,170.96 for liquidated damages and prejudgment interest of $969.84. Because the trial court determined that a fact issue remained as to the appropriate amount of attorney's fees recoverable by Golden West, the matter was set for an evidentiary hearing.

At the attorney's fees hearing, John Meadows, attorney for Golden West, testified as an expert witness regarding the legal services provided and the reasonableness of attorney's fees. Meadows testified that he has over 36 years of legal experience and has had an ongoing relationship with Golden West. He also testified that his hourly rate during the case was between $280.00 and $310.00, and that the rates of his law clerk and legal assistant were $100.00 and $90.00, respectively. Meadows testified that these hourly rates are usual and customary, and that the services performed were reasonable and necessary. He offered into evidence invoices detailing the activity, date, and amount charged for legal work. Meadows testified that this case became protracted due to resistance by Santos's attorney, and that the invoices reflected the additional time required as a result. Golden West requested a total of $15,178.83 for legal services. Meadows further testified that additional fees would be reasonable and necessary in the event that Santos appealed. He requested an additional $6,000.00 if Santos filed an appeal with the court of appeals, $4,000.00 if an application for writ of error was filed with the supreme court, and an additional $3,000.00 if the writ was

2

granted. On cross-examination, Meadows testified that in a January 2009 affidavit, he had estimated 28 hours of work spent on the case, including an estimated eight to ten hours for future collection efforts.[1] Meadows also testified, however, that in the four and a half months between preparing the affidavit and attending the attorney's fees hearing, he had prepared for two hearings, one of which was postponed by Santos's counsel for medical reasons. Meadows also testified that three months into the dispute, Santos made an offer to settle the underlying debt plus $1,500.00 in attorney's fees, which Golden West, having requested attorney's fees of $4,200.00 in a motion for summary judgment filed six weeks before, rejected. Santos presented no additional evidence or testimony regarding the reasonableness of the requested attorney's fees.

After the hearing, the trial court awarded $15,178.83 to Golden West as reasonable attorney's fees, as well as the fees requested in case of appeal. The trial court's findings of fact and conclusions of law included determinations that such fees were reasonable, necessary, usual, and customary. Santos then filed a motion for a new trial, which was denied. Santos now appeals, challenging the reasonableness of the amount of attorney's fees awarded.

## STANDARD OF REVIEW

Whether fees are reasonable is a question of fact determined by the fact-finder. *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 12 (Tex. 1991). We review a trial court's determination regarding the amount of attorney's fees for legal and factual sufficiency of the evidence. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). In reviewing a trial court's findings

---

[1] Meadows testified that he did not include hours for future collection efforts in the amount requested at the attorney's fees hearing.

for legal and factual sufficiency of the evidence, we apply the same standards we apply in reviewing evidence supporting a jury's answer. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). When reviewing legal sufficiency of the evidence, we review the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). The evidence is legally sufficient if it would enable fair-minded people to reach the finding under review. *Id.* at 827. In reviewing factual sufficiency of the evidence, we must consider and weigh all the evidence and should set aside the judgment only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam). When determining whether an award for attorney's fees is excessive, we may "look at the entire record and view the matter in light of the testimony, the amount in controversy, the nature of the case, and the court's own common knowledge and experience as lawyers and judges." *McFadden v. Bresler Malls, Inc.*, 548 S.W.2d 789, 790 (Tex. App.—Austin 1977, no writ). We may not, however, substitute our own judgment for that of the trial court. *Walker v. Gutierrez*, 111 S.W.3d 56, 63 (Tex. 2003).

## DISCUSSION

Section 38.001 of the Texas Civil Practice and Remedies Code provides that a person may recover reasonable attorney's fees in suits on a sworn account. *See* Tex. Civ. Prac. & Rem. Code Ann. § 38.001(7) (West 2008). Santos does not contend that the trial court erred in awarding attorney's fees under section 38.001. Instead, in his sole issue on appeal, he argues that the evidence is insufficient to establish the reasonableness of the amount awarded.

When determining an award's reasonableness, the fact-finder should consider the following factors: (1) the time and labor involved, the novelty and difficulty of the questions involved, and the skill required to perform the legal services properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered. *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997) (citing Tex. Disciplinary R. Prof'l. Conduct 1.04, reprinted in Tex. Gov't Code Ann., tit. 2, subtit. G app. A (Tex. State Bar R. art. X, § 9)). Nothing in *Arthur Andersen* or the Professional Rules themselves suggests that proof of all eight factors is necessary. *See id.* ("A factfinder should consider [the 8 factors] when determining the reasonableness of a fee."); *see also* Tex. Disciplinary R. Prof'l. Conduct 1.04 (listing "factors that may be considered in determining the reasonableness of a fee . . . but not to the exclusion of other relevant factors"). When a claim for attorney's fees is based on chapter 38 of the Texas Civil Practice and Remedies Code, it is presumed that the usual and customary attorney's fees are reasonable, although that presumption may be rebutted. *See* Tex. Civ. Prac. & Rem. Code Ann. § 38.003 (West 2008).

Accordingly, we review the evidence presented at the hearing in support of the relevant *Arthur Andersen* factors.

5

*Time and Labor Involved, Novelty and Difficulty of Questions, and Skill Required*

At the attorney's fees hearing, Meadows introduced time records and billing statements identifying the work done by himself, his law clerk, and his legal assistant. These statements included segregated, itemized reports of time billed, which identified the time, date, and nature of the work, as well as who performed it. These reports indicated 39.25 hours billed by Meadows at $280.00 to $310.00 per hour and 31.50 hours billed by his law clerk at $100.00 per hour or his legal assistant at $90.00 per hour. Meadows also pointed out that these hours included time spent preparing for a hearing that was later postponed at the request of Santos's attorney.

Santos argues that the attorney's fees awarded are unreasonable because Golden West's evidence supporting the hours claimed was conflicting, inconsistent, discredited and impeached. In support of this argument, Santos points out that in a January 2009 affidavit, Meadows estimated eighteen to twenty hours of work done by him and his staff, while at the hearing on June 11, 2009, that number had increased to 70.75 hours, an increase that Santos asserts is unreasonable and therefore discredits Meadows's testimony. Santos also claims that Meadows's testimony was inconsistent because at the hearing he testified that he had reviewed the file or prepared for the case every time the invoices indicated "preparation," while the billing records indicated that many of the "preparation" hours were actually billed by his legal assistant or law clerk. To the extent these matters can be described as "inconsistencies," the trial court, as fact-finder, may resolve inconsistencies in any witness's testimony. *See McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986). It did so here in favor of Golden West.[2]

---

[2] Santos also argues that because Meadows's testimony was not uncontroverted, it could not establish reasonableness as a matter of law. *See Ragsdale v. Progressive Voter League*, 801 S.W.2d 880, 882 (Tex. 1990). Even assuming that the inconsistencies cited by Santos are sufficient to

Additionally, Santos argues that the attorney's fees awarded were the result of overpreparation by Golden West's attorney and he should not be liable for them. In support of this argument, Santos cites *Giles v. Cardenas*, 697 S.W.2d 422 (Tex. App.—San Antonio 1985, writ ref'd n.r.e.), a case in which the appellate court held attorney's fees excessive due to overpreparation. In *Cardenas*, the counsel in question spent 92.7 hours (approximately 11.6 work days) in preparation for what the court described as an uncomplicated trial. *Id.* at 430. By contrast, the record here indicates that Meadows claimed 39.25 hours of total time spent on the case, with an additional 31.50 hours spent by his law clerk and legal assistant. Given that Meadows was required to prepare for and attend three hearings, as well as prepare for one hearing later postponed by Santos's counsel, we conclude that the hours claimed are not unreasonable or excessive as a result of overpreparation.

Santos also suggests that his offer to settle precluded any subsequent attorney's fees because it was unreasonable to continue litigation after the settlement offer. Santos's offer, which occurred three months into the dispute, included the full amount in controversy but only $1,500.00 in attorney's fees. In a prior motion for summary judgment, Golden West had already claimed accrued fees of $4,200.00. We cannot conclude that it was unreasonable for Golden West to decline a settlement attempt that did not offer to pay all fees already accrued.

Finally, Santos argues that the amount of time spent by counsel on this case is unreasonable because it includes time spent in pursuit of attorney's fees. Santos presents no authority for the proposition that fees incurred in pursuit of fees are not "reasonable" under

---

contradict Golden West's offered evidence and prevent a finding as a matter of law, an award does not become unreasonable simply because reasonableness was not established as a matter of law. Instead, the trial court retains its role as fact-finder and resolves any conflicts of evidence.

section 38.001.[3] *See Doncaster v. Hernaiz*, 161 S.W.3d 594, 606-07 (Tex. App.—San Antonio 2005, no pet.) (affirming reasonableness of attorney's fee award under section 38.001, which included time spent for bench trial on attorney's fees); *City of Dallas v. Arnett*, 762 S.W.2d 942, 946 (Tex. App.—Dallas 1988, writ denied) (affirming $225,000.00 attorney's fee award under section 38.001, which included time spent for trial on attorney's fees).

***Customary Fees in Locality for Similar Services***

As evidence of this factor, Meadows testified, "I am well aware of what usual customary and reasonable fees are for attorneys such as myself." Meadows further testified that "the hourly rates[] that I charge were usual and customary and that the services that were performed were all reasonable and necessary[,] especially under the circumstances." Santos presented no opposing evidence.

***Amount Involved and Results Obtained***

Meadows requested $15,178.83 in attorney's fees, plus fees contingent on appeal, in connection with the recovery of $4,170.96 in a suit on a sworn account. Santos argues that this award was per se unreasonable due to the disparity between the amount in controversy and the amount of the attorney's fee award. It is true that attorney's fees must bear some reasonable

---

[3] While Santos relies on *Twin City Fire Ins. Co. v. Vega-Garcia*, 223 S.W.3d 762 (Tex. App.—Dallas 2007, pet. denied), it is distinguishable in that it involved attorney's fee awards under Texas Labor Code sections 408.147 and 408.221. *See* Tex. Labor Code Ann. §§ 408.147, .221 (West 2008) (governing attorney's fees in matters involving workers' compensation benefits). The court held that because the statutory scheme expressly limited the recovery of fees to those incurred as a result of issues unsuccessfully raised by an insurance carrier in a suit for judicial review, fees incurred in pursuit of fees were not available when "the issue of attorney's fees was not an issue on which judicial review was sought [by the carrier] in district court." *Vega-Garcia*, 223 S.W.3d at 769.

relationship to the amount in controversy. *See Cordova v. Southwestern Bell Yellow Pages, Inc.*, 148 S.W.3d 441, 448 (Tex. App.—El Paso 2004, no pet.). The amount of damages awarded, however, is only one factor in determining the reasonableness of a fee award. Furthermore, fee awards with a greater disparity than that present here have been upheld as reasonable. *See Hruska v. First State Bank of Deanville*, 747 S.W.2d 783, 785 (Tex. 1988) (affirming attorney's fees of $12,570.00 in a contract suit with $2,920.00 in damages); *Rio Grande Valley Gas Co. v. City of Edinburg*, 59 S.W.3d 199, 224 (Tex. App.—Corpus Christi 2000, no pet.) (affirming an award of $2.9 million in attorney's fees on a $584,517.26 damage award); *Murrco Agency, Inc. v. Ryan*, 800 S.W.2d 600, 606 (Tex. App.—Dallas 1990, no writ) (affirming $92,000.00 in attorney's fees for a $28,000.00 damage award); *Flint & Assocs. v. Intercontinental Pipe & Steel, Inc.*, 739 S.W.2d 622, 626 (Tex. App.—Dallas 1987, writ denied) (affirming a $160,000.00 attorney's fee award on a $24,067.14 damage award).

### *Lawyer's Reputation, Ability, and Relationship with Client*

Meadows testified that he has handled commercial matters for Golden West for 20 years. He also stated that he has over 36 years of legal experience, has tried "well over 50 jury trials" and appeals, and that his reputation is "well known" in the area. This testimony was undisputed by Santos.

Having reviewed the evidence in support of Golden West's requested amount of attorney's fees, including evidence on five of the eight *Arthur Andersen* factors, we cannot conclude that the amount of the award is so contrary to the overwhelming weight of the evidence as to be

9

clearly wrong and unjust. As a result, we hold that the evidence presented at the hearing was sufficient to support the amount of attorney's fees awarded to Golden West.[4]

## CONCLUSION

We affirm the trial court's order awarding attorney's fees.

_____

Diane M. Henson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed:   October 15, 2010

---

[4] We note that the trial court's order does not expressly condition the award of appellate fees on a successful appeal, but such a condition is necessarily implied because unconditional appellate fees are improper. *See Solomon v. Steitler*, 312 S.W.3d 46, 59-60 (Tex. App.—Texarkana 2010, no pet.); *see also Houston Livestock Show & Rodeo, Inc. v. Hamrick*, 125 S.W.3d 555, 586 (Tex. App.—Austin 2003, no pet.); *Westech Eng'g, Inc. v. Clearwater Constructors, Inc.*, 835 S.W.2d 190, 205 (Tex. App.—Austin 1992, no writ).