# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41343
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 22, 2017

Lyle W. Cayce
Clerk

ALAN L. FEUERBACHER; BILLIE M. FEUERBACHER,

     Plaintiffs–Appellants,

v.

WELLS FARGO BANK NATIONAL ASSOCIATION, as Trustee for ABFC 2006-OPT 1 Trust, Asset Backed Funding Corporation Asset-Backed Certificates, Series 2006-OPT1; OCWEN LOAN SERVICING, L.L.C.; SAND CANYON CORPORATION,

     Defendants–Appellees.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:15-CV-59

---

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

     Appellants Billie and Alan Feuerbacher initially sued Appellees Wells Fargo Bank and Ocwen Loan Servicing seeking to vacate a bankruptcy court order permitting the Appellees to foreclose on their home. After the case was

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41343

removed to federal court on the basis of federal question and diversity jurisdiction, the Feuerbachers amended their complaint to eliminate their federal claims and add three additional defendants, including two nondiverse parties. Thereafter the district court dismissed the nondiverse defendants, denied the Feuerbachers motion to remand the case to state court, and ultimately granted summary judgment in favor of the Appellees. We AFFIRM.

## I. FACTS AND PROCEDURAL BACKGROUND

On June 5, 2006, Alan Feuerbacher obtained a home equity loan. The terms of the loan were set forth in a Texas Home Equity Adjustable Rate Note ("the Note"); a Texas Home Equity Security Instrument ("the Security Instrument"), which secured the Note with a lien on the Feuerbachers' homestead; and a Texas Home Equity Affidavit and Agreement. Wells Fargo Bank became the holder of the Note and was eventually assigned the Security Instrument by Appellee Sand Canyon Corporation. Appellee Ocwen Loan Servicing began servicing the Note on March 1, 2013. The Feuerbachers allege that the loan, from the outset, suffered from the following constitutional defects: (1) Billie Feuerbacher had not signed the Note, *see* Tex. Const. art. XVI, § 50(a)(6)(A); (2) the loan principal exceeded eighty percent of the fair market value of the property at closing, *see id.* § 50(a)(6)(B); (3) the loan closing took place in the Feuerbachers' living room, *see id.* § 50(a)(6)(N); and (4) the original lender failed to sign an acknowledgment of the fair market value at closing, *see id.* § 50(a)(6)(Q)(ix). The Feuerbachers defaulted on the loan in 2013.

Billie Feuerbacher filed for bankruptcy on October 6, 2009. In filing her schedules, Billie represented that: (1) there was a $323,840.88 secured claim in the form of a mortgage on the Feuerbachers' home; and (2) that she did not have any "contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims." The same

2

No. 16-41343

day, Billie also filed an Amended Statement of Financial Affairs and Chapter 7 Individual Debtor's Statement of Intention. In those documents, Billie declared under penalty of perjury that she had made payments on the home equity loan in the four months immediately preceding her filing for bankruptcy and that she intended to retain the property and reaffirm the debt. Based on these representations, the bankruptcy court granted Billie discharge on January 6, 2010.

On January 5, 2015, the Feuerbachers filed suit against the Appellees in state court seeking to vacate an order permitting Wells Fargo to foreclose on their home. The Feuerbachers' initial complaint asserted both federal and state law claims. The Appellees then removed this case to federal court on the basis of both federal question and diversity jurisdiction. Upon removal, the district court ordered the parties "to replead as necessary to comply with the Federal Rules of Civil Procedure and the Court's Local Rules." About a month later, the Feuerbachers submitted their First Amended Complaint. In their amended complaint, the Feuerbachers had taken out all their federal claims and, without seeking leave of the court, had joined three defendants, two of which were nondiverse.[1] On June 23, 2015, the Feuerbachers filed a motion to remand the case to state court. The district court denied the motion and dismissed the two nondiverse defendants without prejudice.

The Feuerbachers' fourth and final amended complaint alleged breach of contract, unjust enrichment, a claim to quiet title, and claims under the Texas Debt Collection Practices Act and Texas Deceptive Trade Practices Act. On January 22, 2016, the Appellees filed a joint motion for summary judgment,

---

[1] The Feuerbachers joined Sand Canyon Corporation, FNF Lawyers Title of DFW, Inc., and Jill Clay as defendants in their First Amended Complaint before the district court. Any subsequent reference to "the Appellees" includes Sand Canyon Corporation, the only later-added defendant that remains a party in this suit.

No. 16-41343

which the district court granted on judicial estoppel grounds. This appeal followed.[2]

## II. DISCUSSION

### A.    Standard of Review

"We review a judicial estoppel determination for abuse of discretion." *Jethroe v. Omnova Sols., Inc.*, 412 F.3d 598, 599–600 (5th Cir. 2005). Because judicial estoppel is an equitable doctrine invoked at the discretion of the district court, the abuse of discretion standard applies even where summary judgment is granted on that basis. *Kane v. Nat'l Union Fire Ins.*, 535 F.3d 380, 384 (5th Cir. 2008). A district court's decision regarding whether to permit post-removal joinder of a nondiverse party is likewise reviewed for abuse of discretion. *Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 225 (5th Cir. 2005). "A district court abuses its discretion if it: (1) relies on clearly erroneous factual findings; (2) relies on erroneous conclusions of law; or (3) misapplies the law to the facts." *McClure v. Ashcroft*, 335 F.3d 404, 408 (5th Cir. 2003).

### B.    Judicial Estoppel

The Feuerbachers argue that the district court erred in granting the Appellees summary judgment on the basis of judicial estoppel. First, the Feuerbachers contend that their quiet title and breach of contract claims did not accrue until after the bankruptcy proceeding, and therefore failure to disclose these causes of action to the bankruptcy court could not serve as a basis for judicial estoppel. Second, the Feuerbachers claim that judicial estoppel is inapplicable here because the proceeds of any claim trace to exempt property. Finally, the Feuerbachers insist that applying judicial estoppel is

---

[2] On appeal, the Feuerbachers only contest summary judgment with respect to their quiet title and breach of contract claims.

inappropriate because a "lien cannot be estopped into existence." Because the Feuerbachers did not raise the latter two arguments before the district court, we find them waived and address only the accrual argument.[3] *See Pluet v. Frasier*, 355 F.3d 381, 385 (5th Cir. 2004) ("We will not disturb the district court's judgment based upon an argument presented for the first time on appeal.").

"[J]udicial estoppel is 'a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position.'" *Jethroe*, 412 F.3d at 600 (quoting *Browning Mfg. v. Mims* (*In re Coastal Plains, Inc.*), 179 F.3d 197, 205 (5th Cir. 1999)). "A court should apply judicial estoppel if (1) the position of the party against which estoppel is sought is plainly inconsistent with its prior legal position; (2) the party against which estoppel is sought convinced a court to accept the prior position; and (3) the party did not act inadvertently." *Id.* "Judicial estoppel is particularly appropriate where . . . a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset." *Id.* The duty to disclose assets in bankruptcy extends to "contingent and unliquidated claims," including "all potential causes of action." *In re Coastal Plains, Inc.*, 179 F.3d at 208 (citations omitted).

---

[3] That said, we panel recognize that it is unclear whether the Feuerbachers can be judicially estopped from claiming that the lien on their homestead is void. Texas law on this point is not abundantly clear. *See Hruska v. First State Bank of Deanville*, 747 S.W.2d 783, 785 (Tex. 1988) (holding that a "lien cannot be 'estopped' into existence" where the borrowers "promised to execute a lien in the manner mandated by the Constitution and then failed to do so"). Although a lien that is void (as the Feuerbachers contend here) is void from its inception, *see Wood v. HSBC Bank USA, N.A.*, 505 S.W.3d 542, 549 (Tex. 2016), it is not clear whether this situation fits under *Hruska*'s pronouncement that a lien cannot be estopped into existence, as the court in *Hruska* was considering a situation in which no lien document even existed, *Hruska*, 747 S.W.2d at 784–85. As stated above, however, we do not consider this argument on appeal because the Feuerbachers did not raise it before the district court.

No. 16-41343

The Feuerbachers do not dispute that the elements required for a court to apply judicial estoppel have been met; rather, they contend that their quiet title and breach of contract claims had not accrued at the time of the bankruptcy proceeding. Accordingly, the Feuerbachers argue that these were not "potential claims" that they had a duty to disclose during bankruptcy. We disagree.

Under Texas law, "[c]auses of action accrue . . . when facts come into existence that authorize a claimant to seek a judicial remedy." *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 202 (Tex. 2011). In the case of a quiet title action regarding an unconstitutionally void lien, a claim accrues at the moment the defective lien is created. *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 675 (5th Cir. 2013), *abrogated on other grounds by Wood v. HSBC Bank USA, N.A.*, 505 S.W.3d 542 (Tex. 2016). The Feuerbachers' quiet title claim thus accrued on June 5, 2006, before the bankruptcy petition was filed on October 6, 2009.

The Feuerbachers' breach of contract claim likewise accrued at origination of the lien. It is well-settled under Texas law that "a breach of contract claim accrues when the contract is breached." *Via Net v. TIG Ins.*, 211 S.W.3d 310, 314 (Tex. 2006) (quoting *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002)). And as Texas courts have explained, a breach of contract claim (the cause of action) is distinct from the availability of forfeiture (the remedy). *See Garofolo v. Ocwen Loan Servicing, L.L.C.*, 497 S.W.3d 474, 482 (Tex. 2016) (explaining that the "constitution invokes forfeiture when a lender 'fails to correct the failure to comply' . . . [but that] 'failure to comply' is a reference to the lender's original transgression: its 'fail[ure] to comply with the lender's or holder's obligations under the extension of credit'"); *Wells Fargo Bank, N.A. v. Robinson*, 391 S.W.3d 590, 595 (Tex. App.—Dallas 2012, no pet.) ("A borrower's recourse for a lender's failure to abide by the terms of his loan agreement is to

6

assert traditional tort and breach of contract causes of action, not constitutionally mandated forfeiture."). Here, all the conditions the Feuerbachers contend constitute a material breach of the obligations set out by the promissory note existed at the time the note was created. So regardless of when the Feuerbachers notified the Appellees of the lien's constitutional deficiencies and became entitled to a forfeiture remedy, their breach of contract claim accrued on June 5, 2006, when the lien was created. *See* Tex. Const. art. XVI, § 50(a)(6)(Q)(x) (forfeiture applies where the lender "fails to correct the failure to comply not later than the 60th day after the date the lender or holder is notified by the borrower of the lender's failure to comply").

Therefore, both the Feuerbachers' quiet title and breach of contract claims had accrued at the time of the bankruptcy proceeding. Because the Feuerbachers failed to disclose these potential claims to the bankruptcy court, we hold the district court did not abuse its discretion in applying judicial estoppel and appropriately granted summary judgment in favor of the Appellees.

## C.   Motion to Remand

The Feuerbachers also urge that the district court erred by dismissing the nondiverse defendants that were joined after removal and refusing to remand the case to state court. "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The court "should use its discretion in deciding whether to allow [nondiverse parties] to be added." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). In determining whether to permit post-removal joinder of nondiverse parties the court should consider: "[1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether plaintiff has been dilatory in asking for amendment, [3] whether

plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities." *Id.*

The district court weighed each of the *Hensgens* factors and concluded that they favored denying joinder and retaining jurisdiction. The court determined that it was likely that (1) the Feuerbachers amended their complaint to include nondiverse defendants for the purpose of defeating jurisdiction, (2) they were dilatory in seeking leave to join the nondiverse defendants, (3) they were unlikely to be prejudiced if their amendment was denied, and (4) other equitable factors did not weigh in favor of either denying or granting the amendment. The district court applied the correct legal standard, and we do not find that any of its underlying fact findings were clearly erroneous. Accordingly, the district court did not abuse its discretion in dismissing the nondiverse defendants and retaining jurisdiction over this case.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM.