**TWIN CITY FIRE INSURANCE COMPANY, Appellant**

v.

**Sharon VEGA–GARCIA, Appellee.**

No. 05–05–01091–CV.

Court of Appeals of Texas, Dallas.

May 9, 2007.

Rehearing Overruled June 15, 2007.

David Brenner, Burns, Anderson, Jury & Brenner L.L.P., Austin, for Appellant.

Christopher Todd Carver, Gibson Carver LLP, Lubbock, and Kay E. Goggin, Law Offices of Kay E. Goggin, Dallas, for Appellee.

Before Justices MORRIS, LANG, and LANG–MIERS.

1. The Texas Workers' Compensation Commission was replaced in 2005 by the Texas Department of Insurance, Division of Workers' Compensation. *See* TEX. LAB.CODE ANN.

## OPINION

Opinion by Justice LANG.

Twin City Fire Insurance Company filed suit seeking judicial review of a final decision by the Texas Workers' Compensation Commission[1] that Sharon Vega–Garcia, a workers' compensation claimant, was entitled to supplemental income benefits. Twin City filed a nonsuit in that action. However, the trial court granted Vega–Garcia a new trial, submitted the issue of her attorney's fees to a jury, and entered judgment on a jury verdict awarding attorney's fees in favor of Vega–Garcia.

In three issues, Twin City asserts the trial court committed reversible error in awarding attorney's fees to be paid to Vega–Garcia's counsel because: (1) Vega–Garcia was not a "prevailing party" in the underlying litigation and, therefore, was not entitled to statutory attorney's fees under the Texas Labor Code; (2) there is no basis in law to permit Vega–Garcia's attorney to recover attorney's fees of $5126 incurred in pursuing an affirmative claim for attorney's fees; and (3) the expert testimony presented by Vega–Garcia in support of her claim for attorney's fees lacked adequate foundation and, therefore, constituted no evidence as to the reasonableness or necessity of the fees awarded.

We conclude that, under the facts of this case, Vega–Garcia prevailed in the underlying action for purposes of §§ 408.147 and 408.221 of the Texas Labor Code. Further, we determine there is no language in the statutes at issue that affords recovery of attorney's fees for the pursuit of attorney's fees incurred by a workers' compensation claimant on appeal of a commission award.

§ 402.001 (Vernon 2006). We refer to that authority as it existed at the time of the administrative hearings in this case.

Finally, we conclude the record contains sufficient competent evidence to support an award of attorney's fees to Vega–Garcia's counsel to the extent permitted by §§ 408.147 and 408.221. Accordingly, we decide against Twin City on its first and third issues. Twin City's second issue is decided in its favor. We affirm the trial court's judgment in part and reverse and render judgment in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Sharon Vega–Garcia sustained injury in a work-related accident on July 30, 1998, and subsequently applied for supplemental income benefits pursuant to the Texas Labor Code. The Texas Workers' Compensation Commission determined Vega–Garcia was entitled to supplemental income benefits for the fifth quarter.

Twin City filed suit in district court, challenging the commission's decision. Vega–Garcia answered, filing a general denial and a claim for attorney's fees pursuant to §§ 408.147(c) and 408.221(c) of the Texas Labor Code. After approximately nine months of litigation, Twin City filed a motion for nonsuit dismissing its action against Vega–Garcia without prejudice, and the trial court so ordered.

Vega–Garcia filed a motion for attorney fees, or in the alternative for reinstatement or for a new trial, asserting entitlement to attorney's fees pursuant to §§ 408.147 and 408.221. She claimed she had "prevailed" in the judicial review lawsuit filed by Twin City. Attached to Vega–Garcia's motion was an affidavit in support of attorney's fees signed by Vega–Garcia's counsel of record, Kay E. Goggin. Supplemental motions and affidavits were later filed.

Twin City filed a brief in opposition to Vega–Garcia's claim for attorney's fees, arguing that Vega–Garcia had not "pre-vailed" in the underlying litigation because there was "no successful prosecution or defense of any claim or issue on which judicial review was sought, and there has not been a judgment rendered by the trial court from which [Vega–Garcia] could be vindicated." Further, Twin City contended that because Vega–Garcia's counterclaim only alleged reasonable and necessary attorney's fees pursuant to §§ 408.147 and 408.221, that counterclaim did not constitute a claim for affirmative relief and was not capable of surviving a nonsuit. After a hearing, the trial court granted Vega–Garcia's motion for new trial regarding the issue of attorney's fees.

In her brief in support of her motion for attorney's fees, Vega–Garcia argued that because she was found by the commission to be entitled to supplemental income benefits for the fifth quarter and Twin City was "not able to overturn that entitlement," she was a prevailing party pursuant to the Texas Labor Code. Vega–Garcia's motion for attorney fees was granted and, over Vega–Garcia's objection, the trial court ordered a jury trial on the issue of the amount of reasonable and necessary attorney's fees.

At trial, Twin City objected to "all expert testimony in this case," arguing such testimony lacked adequate foundation. The trial court overruled Twin City's objection. In addition, Twin City's motion for directed verdict was denied. The jury returned a verdict assessing attorney's fees in the amount of $18,540 for preparation and trial concerning supplemental income benefits at the trial court level, $5126 for pursuit of attorney's fees, $5000 in the event of an appeal to the court of appeals, and $5000 in the event of an appeal to the Texas Supreme Court. The trial court entered judgment on the verdict and this appeal followed.

## II. AVAILABILITY OF ATTORNEY'S FEES UNDER §§ 408.147 AND 408.221

### A. Standard of Review

■ The availability of attorney's fees under a particular statute is a question of law for the court. *Holland v. Wal–Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex.1999). Therefore, we review the issue de novo. *El Paso Natural Gas Co. v. Minco Oil & Gas, Inc.*, 8 S.W.3d 309, 312 (Tex.1999).

When interpreting statutes, our primary objective is to ascertain and give effect to legislative intent. *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex.1999). *See also* Tex. Gov't Code Ann. § 311.011 (Vernon 2005). We ascertain the legislature's intent in the plain and common meaning of the words used. *Kroger Co. v. Keng*, 23 S.W.3d 347, 349 (Tex. 2000). We must read the statute as a whole and not just isolated portions. *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex.2004).

If the meaning of the statutory language is unambiguous, we must interpret it according to its terms, giving meaning to the language consistent with other provisions in the statute. *Id.* We read every word as if it were deliberately chosen and presume that omitted words were excluded purposefully. *See Cornyn v. Universe Life Ins. Co.*, 988 S.W.2d 376, 379 (Tex. App.-Austin 1999, pet. denied). We also consider the objective the law seeks to obtain and the consequences of a particular construction. *City of Sunset Valley*, 146 S.W.3d at 642.

■ The Texas Workers' Compensation Act should be liberally construed in favor of injured workers, and a strained or narrow construction of that Act is improper. *See Keng*, 23 S.W.3d at 349.

### B. Applicable Law

Sections 408.147 and 408.221 of the Texas Labor Code are part of the Texas Workers' Compensation Act. *See* Tex. Lab.Code Ann. §§ 408.147, 408.221 (Vernon 2006). Section 408.147, titled "Contest of Supplemental Income Benefits by Insurance Carrier; Attorney's Fees," provides that "[i]f an insurance carrier disputes the commissioner's determination that an employee is entitled to supplemental income benefits or the amount of supplemental income benefits due and the employee prevails on any disputed issue, the insurance carrier is liable for reasonable and necessary attorney's fees incurred by the employee as a result of the insurance carrier's dispute and for supplemental income benefits accrued but not paid and interest on that amount." *Id.* § 408.147(c).

Under section 408.221, titled "Attorney's Fees Paid to Claimant's Counsel," an insurance carrier that seeks judicial review of a final decision of the appeals panel regarding compensability or eligibility for, or the amount of, income or death benefits is liable for "reasonable and necessary" attorney's fees "incurred by the claimant as a result of the insurance carrier's appeal if the claimant prevails on an issue on which judicial review is sought by the insurance carrier." *Id.* § 408.221(c). Section 408.221 further provides that "[i]f a carrier appeals multiple issues and the claimant prevails on some, but not all, of the issues appealed, the court shall apportion and award fees to the claimant's attorney only for the issues on which the claimant prevails." *Id.* In approving attorney's fees under § 408.221, the commissioner and the courts are to consider the following:

(1) the time and labor required;

(2) the novelty and difficulty of the questions involved;

(3) the skill required to perform the legal services properly;

(4) the fee customarily charged in the locality for similar legal services;

(5) the amount involved in the controversy;

(6) the benefits to the claimant that the attorney is responsible for securing; and

(7) the experience and ability of the attorney performing the services.

*Id.* § 408.221(d).

### C. Application of Law to Facts

#### 1. Prevailing Party in a Nonsuit

■ In its first issue, Twin City asserts that because there was no adjudication on the merits of the disputed issue in the underlying litigation, Vega–Garcia did not "prevail" as that term is understood in legal usage with regard to fee-shifting statutes. Therefore, Twin City contends, the trial court committed reversible error in entering judgment for attorney's fees in favor of Vega–Garcia's attorney and against Twin City. Vega–Garcia argues Texas courts have "clearly and expressly" determined that, upon nonsuit by an insurance carrier in an appeal for judicial review from a decision of the Texas Workers' Compensation Commission, the claimant is the prevailing party for the purposes of invoking the fee shifting statutes contained in the Texas Labor Code.

Several recent Texas cases have addressed the issue presented. *See Am. Home Assurance Co. v. McDonald,* 181 S.W.3d 767, 768 (Tex.App.-Waco 2005, no pet. h.) (holding claimant was "prevailing party" after carrier nonsuited claim); *Dean Foods Co. v. Anderson,* 178 S.W.3d 449, 455 (Tex.App.-Amarillo 2005, pet. denied) (holding claimant was "prevailing party" so as to be statutorily entitled to attorney's fees, even though employer non-suited appeal and no judgment was rendered on merits); *Pac. Employers Ins. Co. v. Torres,* 174 S.W.3d 344, 346–48 (Tex. App.-El Paso 2005, no pet. h.). In *Torres,* a claimant responded to an insurance carrier's lawsuit for judicial review of a commission decision in the claimant's favor by filing a general denial and a claim for attorney's fees under § 408.221. *See Torres,* 174 S.W.3d at 345. After nearly nineteen months of litigation, the carrier filed a notice of nonsuit. *Id.* The claimant then filed a motion for attorney's fees. *Id.* The trial court ordered the nonsuit, but later entered an order awarding attorney's fees in favor of the claimant in accordance with § 408.221(c). *Id.*

Applying the principles of statutory construction, the El Paso Court of Appeals held the claimant was a prevailing party for purposes of § 408.221(c). *Id.* at 346–47. The court reasoned as follows:

> The statute authorizes the award to the worker if the worker prevails in the underlying case being pursued by the insurance carrier. Here, Pacific Employers Insurance Co. nonsuited its claims on the eve of trial and after considerable discovery had been undertaken. After all of its claims were nonsuited, the employee-defendant, here Appellee, is in the same position he would be in if he had prevailed after a trial on the matter. In fact, he is in the same position that he was prior to the lawsuit being filed, and during the proceedings. As the prevailing party below, he is defending against a challenge by the insurance carrier. We recognize that cases involving a challenge to a workers' compensation award present a novel situation where each party may in fact appeal seeking a trial court review of the administrative decision rendered. Here, we think it significant that Appellee did not appeal or

challenge the award below. He was merely in the position of defending that which had been awarded to him by the commission.

*Id.*

Twin City argues that the opposite conclusion was reached in *Cigna Insurance Co. of Texas v. Middleton,* 63 S.W.3d 901, 903 (Tex.App.-Eastland 1999, pet. denied) (holding that attorney's fees were not recoverable by claimant after a nonsuit was filed by insurance carrier). However, *Cigna* is distinguishable on the facts. In *Cigna,* both the insurance carrier and the employee appealed, and each entered a nonsuit of their respective cases. *Id.* Thus, unlike the claimant in the present case, the *Cigna* claimant was not "merely in the position of defending that which had been awarded to him by the commission." *See Torres,* 174 S.W.3d at 347.

In the case before us, Twin City was the only party challenging the decision of the Texas Workers' Compensation Commission. As the prevailing party below, Vega–Garcia was merely defending against Twin City's challenge. Upon nonsuit, Vega–Garcia was in the same position she would be in if she had prevailed after a trial on the matter. *See id.* at 346–47. Section 408.147(c) requires that the claimant prevail "on any disputed issue," and § 408.221(c) requires that the claimant "prevail on an issue on which judicial review is sought by the insurance carrier." *See* Tex. Lab.Code Ann. §§ 408.147(c), 408.221(c). We conclude Twin City's choice to nonsuit its challenge to the commission's award in this case made Vega–Garcia a prevailing party for the purposes of §§ 408.147 and 408.221. *See Torres,* 174 S.W.3d at 347.

Twin City contends that applying the reasoning of *Torres* would compel carriers to pursue every appeal of a commission decision through to conclusion, essentially eliminating the option to nonsuit. However, *Torres* does not alter the fact that the option of pursuing an appeal of a commission award in favor of a claimant, or terminating such an appeal, lies with the carrier. Rather than eliminating the carrier's option to nonsuit, §§ 408.147 and 408.221 effect a shift of responsibility for payment of attorney's fees. Under those statutes, attorney's fees of a claimant are to be paid out of the claimant's award unless there is an appeal by the carrier. *See* Tex. Lab. Code Ann. §§ 408.221(b), 408.147(c). Where the claimant prevails in such an appeal, the carrier is liable for "reasonable and necessary attorney's fees … incurred by the claimant as a result of the … appeal…." *Id.* § 408.221(c); *see also* § 408.147(c). Accordingly, where a carrier elects to pursue an appeal, causes the claimant to incur attorney fees and expenses, and then files a nonsuit, §§ 408.147 and 408.221 place the burden for attorney's fees not on the claimant, but rather on the carrier that elects to appeal. *Id.*

■ Finally, Twin City argues that because Vega–Garcia's counterclaim was solely an action to recover attorney's fees and presented no new issues or controversies, it was not a claim for affirmative relief and, therefore, could not survive a nonsuit. However, Texas courts have held that "[a] request for attorney's fees is a claim for affirmative relief." *See Anderson,* 178 S.W.3d at 453 (attorney's fee claim in suit for judicial review of workers' compensation award was claim for affirmative relief); *see also Falls County v. Perkins & Cullum,* 798 S.W.2d 868, 870–71 (Tex.App.-Fort Worth 1990, no writ) (claim for attorney's fees in DTPA case was request for affirmative relief). Therefore, the trial court did not err in determining Vega–Garcia was entitled to pursue her claim for attorney's fees following nonsuit by Twin City.

In summary, under the facts of this case, we conclude that when a carrier non-suits its appeal of a commission award while the claimant's claim for attorney's fees is pending, the claimant "prevails" and may seek attorney's fees under §§ 408.147 and 408.221. We decide against Twin City on its first issue.

### 2. Attorney's Fees Incurred in Pursuit of Attorney's Fees

■ In its second issue, Twin City argues that, even if a claimant does prevail in an appeal by an insurance carrier seeking judicial review of a commission decision, the only attorney's fees recoverable are those incurred in defending the suit for judicial review. Twin City contends no basis in law exists to permit the claimant's attorney to recover attorney's fees incurred in prosecuting an affirmative claim for attorney's fees. Vega–Garcia asserts that analysis of §§ 408.147 and 408.221, in light of the purpose of the Texas Workers' Compensation Act and the disparity between the parties, favors the shifting of fees expended for purposes of defending a challenge to attorney's fees.

■ A prevailing party cannot recover attorney's fees from an opposing party unless permitted by statute or by contract between the parties. *Holland,* 1 S.W.3d at 95. Where the basis for such a recovery is statutory, it is well-established that "[a]n award of attorney's fees may not be supplied by implication but must be provided for by the express terms of the statute in question." *Id.* (quoting *First City Bank–Farmers Branch, Tex. v. Guex,* 677 S.W.2d 25, 30 (Tex.1984)).

We recognize provisions of the Texas Workers' Compensation Act should be liberally construed in favor of injured workers. *See Keng,* 23 S.W.3d at 349. However, there is no language in the statutes at issue that can be construed to allow an award of attorney's fees "for pursuit of attorney's fees" incurred by a claimant on appeal of a commission award, as the jury awarded here. *See* TEX. LAB.CODE ANN. §§ 408.147, 408.221. Section 408.147 provides that "[i]f an insurance carrier disputes the commissioner's determination that an employee is entitled to supplemental income benefits or the amount of supplemental income benefits due and the employee prevails on any disputed issue, the insurance carrier is liable for reasonable and necessary attorney's fees incurred by the employee as a result of the insurance carrier's dispute." *Id.* § 408.147(c). Section § 408.221(c) directly links a carrier's liability for attorney's fees to the carrier's having sought judicial review of a final decision of a commission award. *Id.* § 408.221(c). That section provides a claimant is entitled to "reasonable and necessary attorney's fees … incurred … as a result of the insurance carrier's appeal if the claimant prevails on the issue on which judicial review is sought." *Id.* The statute specifically states that "[i]f the carrier appeals multiple issues and the claimant prevails on some, but not all, of the issues appealed, the court shall apportion and award fees to the claimant's attorney only for the issues on which the claimant prevails." *Id.*

In the case before us, no attorney's fees were awarded at the commission level. Therefore, the issue of attorney's fees was not an issue on which judicial review was sought by Twin City in the district court. The language of §§ 408.147(c) and 408.221(c) clearly limits recovery of attorney's fees to those fees incurred by Vega–Garcia in prevailing on the issue on which judicial review was sought by Twin City. Here, the jury was asked to determine a reasonable fee for attorney's services incurred "for the pursuit of attorney's

fees."[2] There is no provision in the applicable statutes for an award of attorney's fees "for the pursuit of attorney's fees." Accordingly, Twin City's second issue is decided in its favor. We reverse the award of attorney's fees to Vega–Garcia in the amount of $5126 for pursuit of attorney's fees and render judgment that Vega–Garcia take nothing on that claim.

## III.  EXPERT TESTIMONY

In its third issue, Twin City contends the trial court erred in permitting expert testimony as to the amount of reasonable and necessary attorney's fees based on speculation, rather than on a reliable foundation.  Twin City argues that because expert testimony based on speculation amounts to no evidence, there is no evidence to support the jury's verdict. Vega–Garcia asserts sufficient evidence was presented to support the award of attorney's fees.  Although not expressly stated, we construe Twin City's point as one raising legal insufficiency of the evidence.

### A.  Standard of Review

In determining the legal sufficiency of the evidence, we consider all the evidence in the light most favorable to the verdict, crediting favorable evidence if a reasonable fact-finder could, and disregarding contrary evidence unless a reasonable fact-finder could not.  *2218 Bryan St., Ltd. v. City of Dallas,* 175 S.W.3d 58, 65 (Tex. App.-Dallas 2005, pet. denied) (citing *City of Keller v. Wilson,* 168 S.W.3d 802, 809 (Tex.2005)).  We will uphold the challenged finding if more than a scintilla of evidence supports it.  *Burroughs Wellcome Co. v. Crye,* 907 S.W.2d 497, 499 (Tex.1995); *see also Keller,* 168 S.W.3d at 813–14.  More than a scintilla of evidence exists where the evidence supporting the finding, as a whole, "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Burroughs,* 907 S.W.2d at 499 (quoting *Transp. Ins. Co. v. Moriel,* 879 S.W.2d 10, 25 (Tex.1994)); *see also Keller,* 168 S.W.3d at 822.

### B.  Applicable Law

The issue of reasonableness and necessity of attorney's fees requires expert testimony.  *See Woollett v. Matyastik,* 23 S.W.3d 48, 52 (Tex.App.-Austin 2000, pet. denied) (citing *Barrett v. Parchman,* 675 S.W.2d 289, 291 (Tex.App.-Dallas 1984, no writ)).  *See also Lesikar v. Rappeport,* 33 S.W.3d 282, 308 (Tex.App.-Texarkana 2000, pet. denied).  Pursuant to rule 702 of the Texas Rules of Evidence, an expert must be properly qualified and his opinion must be relevant and based upon a reliable foundation.  *See* TEX.R. EVID. 702; *Gammill v. Jack Williams Chevrolet, Inc.,* 972 S.W.2d 713, 720 (Tex.1998) (citing *E.I. du Pont de Nemours & Co. v. Robinson,* 923 S.W.2d 549, 556 (Tex.1995)).  In determining reliability, the trial court should evaluate the methods, analysis, and principles relied on by the expert in reaching his opinion and ensure that the opinion has a reliable basis in the expert's discipline. *Gammill,* 972 S.W.2d at 725–26.  The proponent of the evidence bears the burden of demonstrating that the expert's opinion is reliable.  *Kerr–McGee Corp. v. Helton,* 133 S.W.3d 245, 254 (Tex.2004).  If the expert's testimony is not reliable, it is not evidence.  *Merrell Dow Pharm. v. Havner,* 953 S.W.2d 706, 713 (Tex.1997).

---

**2.** The jury was also asked to determine a reasonable fee "for preparation for trial concerning supplemental income benefits," "for an appeal to the Court of Appeals," and "for an appeal to the Supreme Court of Texas." Those awards are not specifically contested by appellant other than as set out above as to the interpretation of the term "prevailing party."

There must be some basis for the expert opinion offered to show its reliability. *See Robinson,* 923 S.W.2d at 557; *In re S.E.W.,* 168 S.W.3d 875, 884 (Tex. App.-Dallas 2005, no pet.). Expert testimony is unreliable if the court concludes "there is simply too great an analytical gap between the data and the opinion proffered." *Gammill,* 972 S.W.2d at 726. "In reviewing the reliability of expert testimony, the court is not to determine whether the expert's conclusions are correct; rather, the court should determine only whether the analysis used to reach those conclusions is reliable." *Helton,* 133 S.W.3d at 254 (citing *Gammill,* 972 S.W.2d at 728).

When a reliability challenge requires the court to evaluate the underlying methodology, technique, or foundational data used by the expert, an objection must be timely made so that the trial court has the opportunity to conduct this analysis. *Coastal Transp. Co., Inc. v. Crown Cent. Petroleum Corp.,* 136 S.W.3d 227, 233 (Tex.2004). However, when the challenge is restricted to the face of the record—for example, when expert testimony is speculative or conclusory on its face—then a party may challenge the legal sufficiency of the evidence even in the absence of any objection to its admissibility. *Id.*

### C. Application of Law to Facts

Twin City asserts legal insufficiency of the facts based upon several pivotal points of testimony. First, the contract between Vega–Garcia and her counsel, Kay E. Goggin, provides that fees are to be incurred by the hour. Second, Goggin acknowledges she kept no time records and had to "guess" the number of hours she spent working on Vega–Garcia's case by reviewing her case notes and, in some instances, the file materials associated with the case notes. Third, Twin City contends Goggin relied upon her own testimony and that of another attorney, Barbara Lambrano–Williamson, to prove the amount of reasonable and necessary fees incurred. Fourth, Twin City asserts Lambrano–Williamson's testimony was wholly based on Goggin's speculation of actual time.

Vega–Garcia argues Goggin's testimony regarding time estimates was fact testimony rather than expert testimony, and any inconsistencies, therefore, go to the weight to be given the testimony, not its admissibility. In addition, Vega–Garcia asserts written affidavits of Goggin and expert testimony by Lambrano–Williamson were admitted without objection and provided some evidence to support the award of attorney's fees.

The record before us includes evidence regarding attorney's fees in the form of an affidavit and supplemental affidavit by Goggin and testimony by Goggin, Lambrano–Williamson, and Scott Talbot, an expert called by Twin City. Although the record contains references to Goggin making a "guess" as to some of her calculations of time spent, such testimony was elicited by Twin City on cross-examination through leading questions.[3]

---

3. Goggin's testimony included the following exchange:

Q:  Okay. Now, despite the fact that your contract called for hourly billing, you did not keep records of your time?
A.  No, I did not.
Q:  And I think you've already testified a little bit today that in hindsight if you—you recognize that that was a mistake?

A:  I hate to hear the word "mistake." In hindsight it would have been much cleaner and smoother to say, oh, look at this billing program. It's not what attorneys with my experience have done in the past. But I will tell you, after the deposition and hearing all this the last week, uh, I do have a new software program, but I haven't learned how to use it yet on billing.

■ Texas law provides that when expert testimony is speculative on its face, a party may challenge the legal sufficiency of the evidence even in the absence of any objection to its admissibility. *Coastal,* 136 S.W.3d at 233. However, the portions of the record cited by Twin City in support of its argument do not reflect "speculation" by an expert, but rather, estimates by Goggin as to what legal work she performed and how long it took her to perform it. Rule 701 of the Texas Rules of Evidence provides that a witness not testifying as an expert can give opinions rationally based on his or her perception if such opinion helps in the determination of a fact in issue. TEX.R. EVID. 701. *See also Sierad v. Barnett,* 164 S.W.3d 471, 483–84 (Tex.App.-Dallas 2005, no pet.) (lay witness can testify about value if he has personal knowledge of facts forming opinion, rational connection exists between facts and opinion, and opinion is helpful); *Montez v. Bailey County Elec. Coop.,* 397 S.W.2d 108, 111 (Tex.Civ.App.-Amarillo 1965, writ ref'd n.r.e.) (estimates of age, size, weight, distance, etc., made by qualified lay witnesses are generally admissible). Goggin testified her time estimates were based on her notes and her past experience in performing similar work. Accordingly, the record contains a basis for Goggin's personal knowledge and a rational connection of that knowledge with her estimates. *See* TEX.R. EVID. 701.

Twin City further asserts that "[a]lthough inconsistencies in testimony generally relate to credibility, when inconsistencies relate to the foundation of expert testimony and demonstrate the absence of reliability, such inconsistencies affect admissibility of evidence, not credibility." However, Twin City does not identify objectionable testimony by Goggin other than that regarding Goggin's time estimates, which we have already determined constituted factual, not expert, testimony. *See* TEX.R. EVID. 701. The differences in the amounts of time expressed by Goggin resulted not from inconsistencies relating

Q: Well, pursuant to your contract with [Vega–Garcia], don't you feel that you had an obligation to her to keep track of the amount of time that you spent on her case?
A: But I did keep track of the amount of time. I just did not use a—you know, at 1:05 to 1:17 I did blah, blah, blah. I did keep track of what I did.
Q: I think you and I have talked a little bit about the system you used to keep track of her time?
A: Yeah.
Q: It's the notes that you kept regarding her case?
A: Correct.
Q: And—
A: That's how I kept track of time.
Q: And when you went back to estimate for your motion how much time you had spent on the case, you sort of had to guess by looking at those case notes?
A: Correct.
Q: And in fact, last week—
A: Or estimate.
Q: Last week when I took your deposition, you had to guess again?

A: Correct.
Q: And I think you've already testified, and you will agree with me, that the two numbers from your initial motion and the numbers you gave during your deposition are pretty different?
A: Correct. That's—that's why I did it again was to see which one [sic].
Q: And your motion requests approximately twice as many hours as the times that you gave in your deposition. Would you agree with that?
A: I would agree with that.
Q: Okay. And after reviewing your deposition, then you took some time and made some additional changes including to the times that you spent?
A: I sat down and reanalyzed to see which was correct so I could look you in the eye and say I–I know this-
Q: Okay.
A: —or I was wrong and this other number was right.

to the foundation of expert testimony, but from "differing conclusions as to the underlying factual situation." *Brandt v. Surber*, 194 S.W.3d 108, 132 (Tex.App.-Corpus Christi 2006, pet. filed). Therefore, resolution of any conflicts regarding Goggin's affidavits and testimony were factual disputes within the province of the jury. *See id.* Because the record shows no factual testimony by other witnesses in contradiction to Goggin's affidavits and testimony, we will not review the jury's determinations as to the credibility and weight of that evidence.

Finally, in addition to Goggin's testimony, Vega–Garcia called Lambrano–Williamson to testify as to the reasonableness and necessity of Goggin's fees, and Twin City offered the testimony of Talbot on the same issue. Any alleged "mistake" made by Goggin in her calculations did not, as contended by Twin City, create an impermissible "analytical gap" between the data and Lambrano–Williamson's conclusions. *See SAS & Assoc., Inc. v. Home Mktg. Servicing, Inc.*, 168 S.W.3d 296, 300 (Tex. App.-Dallas 2005, pet. denied). Such alleged errors were a proper subject for Twin City's cross-examination of Lambrano–Williamson and for the opinions of Talbot. *Id.*

Based upon the above analysis and application of the appropriate standard, we conclude the evidence presented was legally sufficient to support an award of attorney's fees by the jury. We decide against Twin City on its third issue.

## IV. CONCLUSION

Under the facts presented, we determine Vega–Garcia prevailed in the judicial review action filed by Twin City and was, therefore, entitled to seek attorney's fees pursuant to §§ 408.147 and 408.221 of the Texas Labor Code. In addition, we conclude §§ 408.147 and 408.221 contain no language affording recovery of attorney's fees for the pursuit of attorney's fees incurred by a workers' compensation claimant on appeal of a commission award. Finally, we conclude the record contains legally sufficient evidence to support the jury's award of attorney's fees to Vega–Garcia's counsel pursuant to §§ 408.147 and 408.221.

We decide against Twin City on its first and third issues. Twin City's second issue is decided in its favor. Accordingly, we reverse the award of attorney's fees to Vega–Garcia in the amount of $5126 for pursuit of attorney's fees and render judgment that Vega–Garcia take nothing on her claim for attorney's fees incurred in the pursuit of attorney's fees in the amount of $5126. The trial court's judgment is otherwise affirmed.