**Affirmed and Opinion Filed July 15, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00070-CV

## MIKE ARMSTRONG, Appellant
## V.
## JAMES M. SUGGS, JR. AND SUGGS LAW FIRM, P.C., Appellees

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-08688**

## MEMORANDUM OPINION

Before Justices Bridges, Lang-Miers, and Schenck
Opinion by Justice Bridges

Mike Armstrong appeals the trial court's traditional and no-evidence summary judgment in favor of James M. Suggs, Jr., and Suggs Law Firm, P.C. In two issues, Armstrong argues the trial court erred in granting Suggs' traditional and no-evidence motions for summary judgment. We affirm the trial court's judgment.

On February 2, 2011, Armstrong and Suggs entered into an employment agreement providing that Suggs' law firm would represent Armstrong in his divorce. The final divorce decree was signed on March 23, 2012. In August 2013, Armstrong sued Suggs alleging Armstrong paid an initial retainer of $1500 and, "despite the small nature of the marital estate," Suggs charged more than $35,000 in attorney's fees. The fees were paid out of the sale of Armstrong's ex-wife's residence. Armstrong asserted a cause of action under the DTPA,

alleging Suggs engaged in an unconscionable action or course of action that cannot be characterized as advice, judgment or opinion when they charged excessive attorney's fees and took those fees without authorization from the proceeds of the sale of Armstrong's ex-wife's residence.

Suggs filed a traditional and no-evidence motion for summary judgment alleging (1) Armstrong's claim for excessive fees was actually a breach of contract claim "dressed-up as a DTPA claim" and (2) if Armstrong successfully pled a breach of contract claim, he could not prove his excessive fees claim because he failed to designate an expert to testify on the excessiveness of the fees, and the deadline to designate experts had passed. The motion was supported by Suggs' affidavit in which he stated he represented Armstrong pursuant to an attached employment agreement and forwarded Armstrong periodic billing statements to Armstrong during the representation. Forty-three pages of billing statements were also attached to the motion. Based on the billing statements, Armstrong owed $35,000 in legal fees as of March 27, 2012. However, after meeting with Armstrong, Suggs agreed to reduce the fees to $22,500 and then to $22,000. "[A]fter discussions and agreement with" Armstrong, Suggs was paid $22,000 out of the proceeds of the sale of Armstrong's ex-wife's house. The employment agreement between Suggs and Armstrong specified, among other things, that attorneys would be paid $295 per hour and associate attorneys would be paid $250 per hour, and attorney's fees would be billed when they were incurred and would be due and payable upon receipt. The trial court granted Suggs' traditional and no-evidence motion for summary judgment, and this appeal followed.

In two issues, Armstrong argues the trial court erred in granting summary judgment. Specifically, Armstrong argues Suggs failed to prove the cause of action presented was "in breach of contract rather than DTPA." Further, Armstrong argues Suggs provided no citation of

–2–

authority to support his argument that expert testimony was necessary to support Armstrong's claim of excessive legal fees.

A party seeking a no-evidence summary judgment must assert that no evidence exists as to one or more of the essential elements of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i); *Henning v. OneWest Bank FSB*, 405 S.W.3d 950, 957 (Tex. App.—Dallas 2013, no pet.). "The motion must state the elements as to which there is no evidence." TEX. R. CIV. P. 166a(i); *Henning*, 405 S.W.3d at 957. Once the movant specifies the elements on which there is no evidence, the burden shifts to the nonmovant to raise a fact issue on the challenged elements. *See* TEX. R. CIV. P. 166a(i); *Henning*, 405 S.W.3d at 957; *S.W. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). We review a no-evidence motion for summary judgment under the same legal sufficiency standard used to review a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003); *Flood v. Katz*, 294 S.W.3d 756, 762 (Tex. App.—Dallas 2009, pet. denied). Our inquiry focuses on whether the nonmovant produced more than a scintilla of probative evidence to raise a fact issue on the challenged elements. *See King Ranch*, 118 S.W.3d at 751; *Flood*, 294 S.W.3d at 762. Evidence is no more than a scintilla if it is "so weak as to do no more than create a mere surmise or suspicion" of a fact. *King Ranch*, 118 S.W.3d at 751. If a no-evidence motion for summary judgment and a traditional motion for summary judgment are filed which respectively asserts the plaintiff has no evidence of an element of its claim and alternatively asserts that the movant has conclusively negated that same element of the claim, we address the no-evidence motion for summary judgment first. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

The issue of reasonableness and necessity of attorney's fees requires expert testimony. *Twin City Fire Ins. Co. v. Vega-Garcia*, 223 S.W.3d 762, 771 (Tex. App.—Dallas 2007, no pet.).

The only "unconscionable action or course of action" Armstrong alleged in his DTPA claim was Suggs' charging of excessive attorney's fees. To the extent this claim was more appropriately characterized as a breach of contract claim, the issue remained whether Suggs charged excessive attorney's fees. Suggs' motion for summary judgment argued the deadline for designating experts had passed and discovery had closed, but Armstrong had not designated an expert witness who could testify regarding the excessiveness of Suggs' attorney's fees In his response to the motion for summary judgment, Armstrong stated he relied on his affidavit without "marshaling all his evidence." Armstrong did not counter Suggs' arguments that he could not prove excessive fees without an expert other than to state Suggs "earlier [admitted] that expert testimony is not required in DTPA cases." Thus, it is undisputed that Armstrong did not designate an expert to testify concerning the excessiveness of Suggs' attorney's fees, and the deadline for designating an expert had passed. Nevertheless, expert testimony was necessary to establish what attorney's fees would have been reasonable and necessary. *See id.* Because no evidence of excessive attorney's fees was in the record or forthcoming, we conclude the trial court did not err in granting Suggs' no-evidence motion for summary judgment on Armstrong's claim. *See King Ranch*, 118 S.W.3d at 751. Because of our resolution of this issue, we need not further address Armstrong's arguments that the cause of action presented was "in breach of contract rather than DTPA." TEX. R. APP. P. 47.1. We overrule Armstrong's first and second issues.

We affirm the trial court's judgment.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

150070F.P05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MIKE ARMSTRONG, Appellant

No. 05-15-00070-CV      V.

JAMES M. SUGGS, JR. AND SUGGS
LAW FIRM, P.C., Appellees

On Appeal from the 101st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-13-08688.
Opinion delivered by Justice Bridges.
Justices Lang-Miers and Schenck
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellees JAMES M. SUGGS, JR. AND SUGGS LAW FIRM,
P.C. recover their costs of this appeal from appellant MIKE ARMSTRONG.

Judgment entered July 15, 2016.