**MODIFY and AFFIRM; and Opinion Filed February 23, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00241-CV

**DAVID RAY BARNES, Appellant**
**V.**
**JENNIFER BARNES, Appellee**
**and**
**IN RE DAVID RAY BARNES, Relator**

**On Appeal from the 301st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-11-11126**

## MEMORANDUM OPINION

Before Justices Bridges, Myers, and Schenck
Opinion by Justice Schenck

This consolidated appeal and mandamus proceeding arise from the trial court's contempt order and conditional order confining to jail David Ray Barnes (David) for failing to make certain payments to Jennifer Barnes (Jennifer) and failing to deliver documents as required by the parties' divorce decree, and conditionally confining him to the county jail. In his appeal, David challenges the contempt order's award of attorney's fees and what he characterizes as prejudgment interest. He does not contest the contempt order's award of deferred compensation owed to Jennifer or requirement that he produce un-redacted documents related to the deferred compensation he received. In his petition for writ of mandamus, David asserts the trial court clearly abused its discretion in finding him in contempt because: (1) the divorce decree's provisions concerning

deferred compensation are not sufficiently specific; (2) the contempt order clarifies the divorce decree and violates section 9.008 of the family code because it is retroactive and fails to give a reasonable time for compliance; and (3) the order, in that it enforces un-matured future installment payments by contempt, violates section 9.012(b) of the family code. In addition, David asserts the trial court clearly abused its discretion in awarding attorney's fees and requiring payment of same by a certain date to avoid contempt. We deny the petition for writ of mandamus, and modify the trial court's order as to the attorney's fees and interest awarded. As modified, we affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

The trial court entered an amended final decree of divorce on August 20, 2012. As part of the division of the marital estate, the trial court conditionally awarded Jennifer a portion of David's deferred compensation from his employer, Credit Suisse. The decree ordered David to pay Jennifer 50% of the after tax (regular payroll taxes for single deduction) net proceeds of deferred compensation and awards he receives in the form of cash within five business days of his receipt of same, and to deliver to Jennifer 50% of the after tax (regular payroll taxes for single deduction) net proceeds of deferred compensation and awards he receives in the form of shares of stock within five business days of the sale of same. The decree also ordered David to deliver to Jennifer copies of all documents related to deferred compensation and awards he receives within ten days of his receipt of same.

On November 5, 2015, Jennifer filed a motion seeking to enforce the decree and to hold David in contempt for failing to comply with the decree's deferred compensation provisions. On January 28, 2016, the trial court heard evidence on the motion. On February 2, 2016, the trial court announced its decision and entered an order granting Jennifer's motion and holding David in

–2–

contempt. In doing so, the court found: David had committed 45 violations of the divorce decree[1] for failing to provide deferred compensation related documents to Jennifer and failing to pay Jennifer her share of the deferred compensation he received from 2012 through 2014; assessed punishment for each separate violation at confinement in the Dallas County jail for a period of 15 days, to run concurrently; deferred commitment for 15 days to allow compliance with the order; required David to deliver to Jennifer documents related to the deferred compensation; required David to pay Jennifer her share of the deferred compensation in the amount of $370,307; required David to pay Jennifer attorney's fees and costs in the amount of $96,300; awarded interest at the rate of six percent from the date of each violation; and required David to report back on February 17, 2016 to determine whether he had complied with the order. David tendered the deferred compensation related documents to the court for in-camera review and posted a bond to supersede the judgment amounts ordered.[2] This interlocutory appeal and mandamus proceeding followed. We will begin with the request for mandamus relief.

## DISCUSSION

I.      Petition for Writ of Mandamus

Ordinarily to obtain mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam).

---

[1] In actuality there were 44 violations. There is no violation number 9 in the contempt order.

[2] Because David tendered the documents and posted a supersedeas bond, a commitment order did not issue and he is not subject to confinement at this time.

Contempt orders are generally not appealable and, as a result, no adequate remedy by appeal exists. *In re Martin*, 523 S.W.3d 165, 169 (Tex. App.—Dallas 2017, orig. proceeding). Contempt orders are therefore reviewed by petition for writ of mandamus or petition for writ of habeas corpus. *See In the Interest of A.M. and E.M.*, No. 05-16-00437-CV, 2016 WL 3264470, at *1 (Tex. App.—Dallas June 13, 2016, no pet.) (mem. op.) (party pursuing review of contempt order involving confinement may file petition for writ of habeas corpus or file a petition for writ of mandamus for review of contempt order that does not involve confinement). Because David is not confined, and is currently not under threat of confinement, the trial court's contempt order is reviewable by mandamus.

By his petition, David requests that this Court direct the trial court to vacate the contempt portion of the order arguing: (1) the divorce decree, upon which the finding of contempt is based, is not sufficiently specific to be enforceable by contempt; (2) it clarifies the divorce decree and violates section 9.008 of the family code because it is retroactive and fails to give a reasonable time for compliance; (3) it enforces un-matured future installment payments by contempt in violation of section 9.012(b) of the family code; and (4) it improperly requires payment of attorney's fees by a date certain to avoid confinement.[3]

A person may not be held in contempt for disobeying a court decree unless it "spells out the details of compliance in clear, specific, and unambiguous terms such that such person will readily know exactly what duties or obligations are imposed upon him." *Ex parte Slavin*, 412 S.W.2d 43, 44 (Tex. 1967). Only the existence of reasonable, alternative constructions will prevent the enforcement of the order. *Ex parte Chambers*, 898 S.W.2d 257, 260 (Tex. 1995) (orig. proceeding). David urges that because his expert and Jennifer's expert reached different

---

[3] David reiterates in his petition for writ of mandamus his assertion that there is no evidence as to the reasonableness of attorney's fees. We will address this issue in our discussion of David's appeal.

conclusions as to the amount David owed Jennifer under the decree, the decree is ambiguous and cannot be enforced by contempt. In particular, David claims the requirement that he pay Jennifer "50% of the after tax (regular payroll taxes for single deduction) proceeds" of various compensation, performance awards, and stock sales makes the decree fatally ambiguous. David attempts to equate this case to *Ex Parte Glover*, in which the supreme court concluded the Glovers could not be held in contempt for failing to convey property to the Sanders because the underlying order failed to specify whether the interest associated with the Sanders' payment for the property, triggering the Glovers' conveyance obligation, was simple interest or compound interest, and thus was not sufficiently clear. *Ex Parte Glover*, 701 S.W.2d 639, 640–41 (Tex. 1985). *Glover* is distinguishable from this case because the court's order in Glover left the parties to surmise what the trial court intended and required clarification from the trial court in order to make a tender that would trigger the Glovers' conveyance obligation. Here, David's obligations concerning the deferred compensation were clear and unequivocal. His payment obligations were triggered by his receipt of deferred compensation, and his document production obligations were triggered by his receipt of same. While the arithmetic calculations may have been involved, and the parties postured for the application of different tax rates, the decree did not require a clarification from the trial court, just a decision on the credibility of the calculations.

At the hearing on Jennifer's motion for contempt, the parties' experts testified as to the deferred compensation owed to Jennifer. Jennifer's expert calculated the deferred compensation owed to Jennifer to be $370,307, while David's expert calculated the amount to be $225,799.[4] The trial court agreed with Jennifer's expert and ordered David to pay her $370,307.

---

[4] The discrepancy in the two expert's calculations of the amount owed were due primarily to a difference in the tax rate applied. Jennifer's expert applied a 39 to 40% rate, while Barnes' expert applied a 41.95% rate.

–5–

While David does not here contest the amount he has been ordered to pay Jennifer, he contends that because there was a dispute as to the proper tax rate to be applied, the final decree did not provide a method for calculating the deferred compensation awarded to Jennifer, and thus is not specific enough to be subject to contempt. We note that at no time after the divorce decree was entered and before the hearing on Jennifer's motion for contempt, a time spanning more than three years, did David assert the divorce decree's order of deferred compensation payment was ambiguous, nor did he seek any clarification of his payment obligations. *See* TEX. FAM. CODE ANN. § 9.008(a) (West 2006).[5] Moreover, the trial court heard evidence that David is in the financial services business and is an expert in the deferred compensation field. David did not refute that evidence and did not present any evidence to substantiate his argument here that the decree was not specific enough to be enforced by contempt. Moreover, David acknowledged he owes Jennifer the sum of at least $225,799 in deferred compensation and that he had not paid her that sum or any other for that matter. Likewise, he does not contend the decree's order of production of documents is not specific enough to be enforceable by contempt.[6]

A person can indeed be punished for failing to comply with what he understands was required by the order. *See Maldonado v. Conroe Creosoting Co.*, 09-96-401-CV, 1997 WL 536704 (Tex. App.—Beaumont Aug. 28, 1997, no pet.) (not designated for publication). For example, in *Maldonado*, the underlying order, upon which Maldonado was held to be in contempt, required a party to appear for all "significant events." While Maldonado argued that the order to appear for all "significant events" did not satisfy the *Slavin* requirement of specificity, the court of appeals disagreed, and concluded the trial court did not err by imposing consequences on Maldonado because the record showed he chose not to appear for events, some of which he did

---

[5] Section 9.008(a) provides, "[o]n the request of a party or on the court's own motion, the court may render a clarifying order before a motion for contempt is made or heard, in conjunction with a motion for contempt or on denial of a motion for contempt."

[6] At the hearing, David argued he is entitled to an offset of roughly $53,000 for amounts Jennifer owes him.

not dispute were "significant events" (a hearing and a deposition). *Id.* at \*2. Here, David offers no justification for his failure to pay at least the amount he conceded he owes to Jennifer or his failure to deliver the deferred compensation related documents. We conclude the divorce decree is sufficiently clear to inform David of his obligation to provide documentation and payment to Jennifer. The fact that the experts disagreed on which tax rate to apply, does not excuse David's complete lack of compliance with the decree's mandate regarding deferred compensation.

Next, David characterizes the contempt order as a clarification order and urges that he cannot be held in contempt for having failed to make the payment to Jennifer without providing him a reasonable time to comply with the order. As we have previously stated, the decree did not require clarification and thus, the contempt order is not a clarification order. Because the parties applied different tax rates in calculating the required payments, the trial court was asked to decide which calculation was correct. The court agreed with Jennifer's calculation and David does not contest that determination. As to David's complaint about the deadline to make the payment, he notified the court that he would be able to make the payment within ten days. On February 2, 2016, the trial court ordered him to pay by February 16, 2016, giving him fourteen days to do so. Consequently, David's clarification and failure to provide a reasonable time arguments fail.

David next urges that because Jennifer's right to receive future deferred compensation was conditioned on "if, as, and when received," her right to receive future compensation was an un-matured right to receive a future installment payment and thus could not be the basis for a contempt order under section 9.012 of the family code. TEX. FAM. CODE ANN. § 9.012. It does not appear from the record before this Court that David presented this argument to the trial court. Rule 33.1(a)(1)(A) of the Texas Rules of Appellate Procedure provides:

> As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling the complaining party sought from

the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context.

TEX. R. APP. P. 33.1(a)(1)(A). The failure to raise an issue in the trial court waives the issue on appeal. *See City of San Antonio v. Schautteet*, 706 S.W.2d 103, 104 (Tex. 1986). Nevertheless, David's argument concerning section 9.012 appears to be flawed. With regard to "installment payments," the term "installment payment" applies only to "a series of periodic payments." BLACK'S LAW DICTIONARY (10th ed. 2014). The final decree provided for the payments at issue— as few as no payments and as many as ten payments—to be made within a specified number of days after David receives the funds or gets vested. Consequently, the ordered payments do not fall within the purview of section 9.012.

Finally, in his petition for writ of mandamus, David asserts the contempt order improperly requires payment of attorney's fees by a date certain to avoid confinement. We disagree. The trial court's order did not hold David in contempt for failure to pay attorneys' fees or order him confined in jail for failure to pay attorney's fees. To the contrary, the order's only reference to contempt states that "[David] is in contempt for the violations enumerated above," and those violations are the 44 instances in which David failed to comply with the 2012 final decree. None of those 44 enumerated violations involves attorney's fees.

We conclude the trial court did not abuse its discretion in finding David in contempt of the divorce decree. Accordingly, we deny his petition for writ of mandamus.

II.     Appeal

In his first issue, David asserts the trial court improperly awarded Jennifer $96,300 in attorney's fees and costs because there is no evidence to support a finding of reasonableness or necessity.[7] The family code entrusts attorney fee awards to the trial court's sound discretion,

---

[7] It appears the trial court awarded Jennifer $46,800 in attorney's fees and $49,500 in expenses for employing an expert witness.

subject to the requirements that any fees awarded be reasonable. TEX. FAM. CODE ANN. § 9.014. We review a trial court's decision to award or deny attorney's fees under an abuse of discretion standard. *See id.* (court may, in its discretion, award attorney fees in proceeding to enforce divorce decree); *Collins v. Moroch*, 339 S.W.3d 159, 166 (Tex. App.—Dallas 2011, pet. denied).

In challenging the attorney's fee award, David claims that "[a]s a matter of law, an award of attorney's fees requires some expert testimony that the attorney's fees sought were reasonable and necessary." David cites us to two cases from this Court for this proposition, *Woodhaven* and *Twin City*. *See Woodhaven Partners, Ltd. v. Shamoun & Norman, LLP*, 422 S.W.3d 821 (Tex. App.—Dallas, no pet.); *Twin City Fire Ins. Co. v. Vega-Garcia*, 223 S.W.3d 762 (Tex. App.—Dallas 2007, pet. denied). While both of these cases state that "the issue of reasonableness and necessity of attorney's fees requires expert testimony," they do not hold that the expert must utter the word "reasonable and necessary" in order for the evidence to support a finding of reasonableness. *Woodhaven*, 422 S.W.3d at 830; *Twin City*, 223 S.W.3d at 771.

Factors that a trial court, acting as the factfinder, can consider in reaching a determination of the reasonableness of the fee include: the time, labor and skill required to properly perform the legal service; the novelty and difficulty of the questions involved; the customary fees charged in the local legal community for similar legal services; the amount involved and the results obtained; the nature and length of the professional relationship with the client; and the experience, reputation and ability of the lawyer performing the services. *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). The trial court does not need to hear evidence on each factor but can consider the entire record, the evidence presented on reasonableness, the amount in controversy, the common knowledge of the participants as lawyers and judges, and the relative success of the parties. *In re Marriage of C.A.S. & D.P.S.*, 405 S.W.3d 373, 387 (Tex. App.—Dallas 2013, no pet.).

At the hearing on Jennifer's motion for contempt, her attorney, Carlos Morales, testified that he has been a licensed attorney for 16 years and has represented Jennifer for one-and-one-half years. He indicated his hourly rate is $400 per hour and the hourly rate of an associate working on the case is $250. He offered into evidence, without objection, billing records Morales testified were for time he and his law firm spent addressing the deferred compensation issue. This documentary evidence of fees includes 25 pages of redacted billing records. David did not object to the redactions. The billing records reflect tasks performed by various attorneys and support personnel, the amount of time required for those tasks and the corresponding amount charged, from which the billable rate for the various attorneys and personnel can be calculated. The billing records reflect total actual billings of $46,866.69. This evidence, along with the entire record, the common knowledge of the participants as lawyers and judge, and the success of Jennifer in pursuing her motion, provide more than a scintilla of evidence to support the trial court's conclusion that the fees were reasonable and necessary and the trial court did not abuse its discretion in awarding Jennifer $46,800 for the services of Morales and his firm.

Morales further testified that Jennifer's prior attorney had fees of $47,000 associated with the deferred compensation. The trial court did not award those fees. As to David's challenge of the award of expert witness Jim Wingate's fees in the amount of $49,500,[8] generally speaking, the fee of an expert witness constitutes an incidental expense in preparation for trial and is not recoverable as costs. *Messier v. Messier*, 458 S.W.3d 155, 168 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Expert fees have been awarded under certain provisions of the family code, such as chapters 6 (governing suits for dissolution of marriage) and 106 (concerning suits affecting the parent-child relationship). Each of the cited chapters, however, contains provisions permitting

---

[8] The trial court admitted into evidence, without objection, Jennifer's summary of relief sought, which included $49,500 for Wingate's services.

courts to award expenses in addition to costs and attorney's fees. *See* TEX. FAM. CODE ANN. §§ 6.708 (West Supp. 2017) (authorizing courts to award attorney's fees, costs, and expenses in a divorce action), 106.001 (West 2014) (authorizing courts to award costs in SAPCR), 106.002 (authorizing courts to award attorney's fees and expenses). In contrast, chapter 9, subchapter A, governing enforcement actions such as this, only authorizes the award of attorney's fees and costs. *Id.* §§ 9.013 (authorizing courts to award costs in an enforcement action), 9.014 (authorizing courts to award attorney's fees in an enforcement action). Indeed, section 9.013 expressly states that costs may be awarded in such actions "as in other civil cases." Because expert fees are neither attorney's fees nor costs, and because chapter 9, subchapter A does not allow an award of expenses in an enforcement action, the trial court erred in awarding Jennifer expert Wingate's fees. To the extent any of Wingate's fees are properly classified as attorney's fees, Jennifer failed to present any evidence from which the trial court could have concluded the fees were reasonable.

Jennifer requested fees of $142,299.69 and the trial court awarded $96,300. We conclude the trial court did not abuse its discretion in awarding Jennifer fees and costs of $46,800, and erred in awarding Jennifer expert Wingate's fees of $49,500. This Court may modify attorney's fees if the evidence does not support the award of attorney's fees. *See Messier*, 458 S.W.3d at 168. Accordingly, we sustain David's first issue as to Wingate's fees, we overrule his first issue as to Morales and his firm's fees, and we modify the order to decrease the attorney's fees awarded to Jennifer to $46,800.

In his second issue, David asserts the trial court improperly awarded prejudgment interest because Jennifer did not assert a claim for prejudgment interest. David's characterization of the interest awarded as prejudgment interest is misplaced. The trial court awarded Jennifer payment of sums David owed to her pursuant to the 2012 final decree that had not been paid when due. The order specifies the *each contempt violation* will bear interest at six percent per annum. Thus, the

interest awarded is to compensate Jennifer for the late payment of the sums she was entitled to receive under the divorce decree, and is thus, in essence, post-judgment interest. Even though the divorce decree does not address post-judgment interest as to the deferred compensation awarded to Jennifer therein, post-judgment interest is recoverable. *DeGroot v. DeGroot*, 369 S.W.3d 918, 926–27 (Tex. App.—Dallas 2012, no pet.). Accordingly, the trial court did not err in awarding Jennifer post-judgment interest. The trial court did, however, err in applying a rate of six percent per annum to the award. Post-judgment interest at the rate of five percent should be applied. TEX. FIN. CODE ANN. § 304.003(c) (West 2016). Accordingly, we modify the trial court's order to reflect an interest rate of five percent, rather than six percent. With that modification, we overrule appellant's second issue.

## CONCLUSION

We deny the petition for writ of mandamus, and modify the February 2, 2016 contempt order to decrease the attorney's fees awarded to Jennifer to $46,800 and to reflect an interest rate of five, rather than six, percent per annum. As modified, we affirm the trial court's order.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

160241F.P05



# Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

DAVID RAY BARNES, Appellant

No. 05-16-00241-CV     V.

JENNIFER BARNES, Appellee

On Appeal from the 301st Judicial District Court, Dallas County, Texas

Trial Court Cause No. DF-11-11126.

Opinion delivered by Justice Schenck.

Justices Bridges and Myers participating.

In accordance with this Court's opinion of this date, the February 2, 2016 contempt order of the trial court is **MODIFIED** as follows:

We **DELETE** the words "The Court further finds that attorney's fees and costs of $96,300.00 should be assessed against Respondent" from the trial court's order and replace them with the words "The Court further finds that attorney's fees and costs of $46,800 should be assessed against Respondent."

We **DELETE** the words "IT IS ORDERED that JENNIFER R. LANCASHIRE is granted cumulative judgment for the above cited violations, deferred compensation, attorney's fees and court costs, including accrued interest, against Respondent of $466,607.00 each such contempt violation bearing interest at 6 percent simple interest per year from the date of each Violation, for which let execution issue" from the trial court's order and replace them with the words "IT IS ORDERED that JENNIFER R. LANCASHIRE, formerly JENNIFER BARNES, is granted cumulative judgment for the above cited violations, deferred compensation, attorney's fees and court costs, including accrued interest, against Respondent of $417,107.00 each such contempt violation bearing interest at 5 percent simple interest per year from the date of each Violation, for which let execution issue".

We **DELETE** the words "IT IS ORDERED that respondent, DAVID RAY BARNES shall pay attorney's fees and costs directly to JENNIFER R. LANCASHIRE, or her counsel, in the amount of $96,300.00 by cashier's check, or money order" from the trial court's order and replace them with the words "IT IS ORDERED that respondent, DAVID RAY BARNES shall pay attorney's fees and costs directly to JENNIFER R. LANCASHIRE, formerly JENNIFER BARNES, or her counsel, in the amount of $46,800.00 by cashier's check, or money order".

It is **ORDERED** that, as modified, the order of the trial court is **AFFIRMED**.

We further **ORDER** that appellee JENNIFER BARNES, now known as JENNIFER R. LANCASHIRE, recover her costs of this appeal and the amounts awarded to her under the contempt order as modified from DAVID BARNES and State Farm Fire and Casualty Company as surety on appellant/respondent's supersedeas bond. After all amounts owed to JENNIFER BARNES, now known as JENNIFER R. LANCASHIRE, under the contempt order as modified and costs of this appeal have been paid, or after State Farm Fire and Casualty Company as surety has paid JENNIFER BARNES, now known as JENNIFER R. LANCASHIRE, the limits of the supersedeas bond, whichever occurs first, State Farm Fire and Casualty Company's obligations on appellant DAVID BARNES's supercedeas bond are **DISCHARGED.**

Judgment entered this 23rd day of February, 2018.