NO. 07-07-0218-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 20, 2009

_____

KODY KOTHMANN, APPELLANT

v.

GARY ROTHWELL D/B/A ROTHWELL HOMES, APPELLEE

_____

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-512,714-A; HONORABLE J. BLAIR CHERRY, JR., PRESIDING

_____

Before CAMPBELL and PIRTLE, JJ., and BOYD, S.J.[1]

OPINION

Kody Kothmann appeals a judgment declaring under an instrument granting the City

of Lubbock five drainage easements, surface water from the development of Gary Rothwell

_____

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon 2005).

d/b/a Rothwell Homes can flow through the easements and onto the land of Kothmann.[2] Finding the trial court correctly construed the granting instrument, we affirm.

Background

Rothwell owned undeveloped land west of a 64-acre tract owned by Jackie Philpott, Kothmann's predecessor in title. Rothwell desired to develop a subdivision on his realty and the City required he obtain, in the City's name, drainage easements on Philpott's property before development. In January 2000, Philpott executed an instrument entitled "Drainage Easement" granting the City five drainage easements, each measuring fifty feet by two hundred feet.[3] The instrument was recorded in Lubbock County on January 24, 2000. Kothmann subsequently acquired the property of Philpott. Kothmann does not dispute that he acquired Philpott's property burdened with the easements. The dispute focuses on the extent of the rights granted the City.

At the time Kothmann acquired the property, the easements were not opened and a "fence-line berm" separated his land from that of Rothwell. After the easements were opened, Kothmann filed suit alleging damages from water flowing from the easements onto his land. He also sought a declaratory judgment that the instrument did not permit the flow

---

[2] We addressed related claims in a previous opinion. *Kothmann v. City of Lubbock,* No. 07-04-0532-CV 2006 WL 756638, 2006 Tex. App. Lexis 2296 (Tex.App.–Amarillo March 24, 2006, no pet.) (mem. op.).

[3] The instrument creates the easements at various locations along the boundary between the tracts now owned by Kothmann and Rothwell, each easement extending from the boundary two hundred feet into Kothmann's property. Kothmann's 64-acre tract extends some distance eastward beyond the end of the easements.

of water off the easements onto the remainder of his property. Rothwell filed a counterclaim for declaratory relief seeking a declaration that water flowing through the easements could continue past the boundaries of the easements. The City as owner of the easements was joined to the declaratory judgment claims. Although not bifurcated by order, the declaratory judgment claims were tried first, to the court. In the resulting declaratory judgment, the trial court found the easements granted by the instrument allowed "drainage of water onto [Kothmann's] property at the five locations described therein, and that such surface water is allowed to then continue its flow beyond the boundaries of those five locations." The court severed the declaratory judgment action from the remainder of Kothmann's claims, abated the remaining claims, and Kothmann appeals the declaratory judgment.

## Discussion

We review *de novo* a trial court's interpretation of an unambiguous contract, as well as its determination whether a contract is ambiguous. *MCI Tel. Corp. v. Tex. Utils. Elec. Co.,* 995 S.W.2d 647, 650-651 (Tex. 1999) (interpretation); *ConocoPhillips Co. v. Incline Energy, Inc.,* 189 S.W.3d 377, 380 (Tex.App.–Eastland 2006, pet. denied) (ambiguity). In conducting a *de novo* review, we exercise our own judgment and redetermine each legal issue. *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1999).

In his first issue, Kothmann argues the court's declaration expands the limitations expressed in the instrument. He contends the trial court should have declared waters

3

drained into the five easements described in the instrument are not permitted to move beyond the defined boundaries of the easements.  We disagree.

Pertinent to our discussion, the instrument provides:

> THAT JACKIE PHILPOTT . . . ha[s] by these presents GRANTED, BARGAINED, SOLD and CONVEYED and by these presents do[es] GRANT, BARGAIN, SELL and CONVEY unto the CITY OF LUBBOCK, its legal representatives, successors and assigns, for the use of the public as a perpetual and permanent drainage easement, the free and uninterrupted use, liberty of passage in, on, along, over, upon, under and across all the property lying and being situated in Lubbock County, Texas, and being more particularly described as follows, to wit:
>
> [description of five tracts]
> ***
> SO LONG AS the public continues to use said property for the purposes herein stated, said easement includes, but is not limited to, the free and uninterrupted use, liberty and privilege of passage in, along, over, across, under, upon and against the above described land for the purpose of constructing, reconstructing, maintaining, repairing, cleaning and clearing said premises for the free and unobstructed drainage of surface water; together with the right of ingress, egress and regress for such purposes in, on, along, through and across all the property above described.
>
> It is hereby covenanted and agreed that the CITY OF LUBBOCK retains and reserves the right to set and determine the drainage grade and direction of flow of surface waters on the real estate above described, and buildings or like permanent structures shall not be erected, built or constructed in, upon, over, and along, or across the real estate above described . . . .

An easement is an interest in land and carries with it some right to use, or benefit from, the land for a specified purpose.  *Gollinger v. State,* 834 S.W.2d 553, 555-56 (Tex. App.–Houston [14th Dist.] 1992, no writ).  Easement agreements are interpreted according to the rules of contract construction and interpretation.  *Boland v. Natural Gas Pipeline Co. of Am.,* 816 S.W.2d 843, 844 (Tex. App.–Fort Worth 1991, no writ).  If the instrument is

4

unambiguous, the court will give effect to the intention of the parties as expressed in the writing. *In re McKinney,* 167 S.W.3d 833, 835 (Tex. 2005) (per curiam) (*citing Sun Oil Co. v. Madeley*, 626 S.W.2d 726, 731 (Tex. 1981)). To achieve this objective, courts examine and consider the entire writing in an effort to harmonize and give effect to all its provisions so none are rendered meaningless. *Coker v. Coker,* 650 S.W.2d 391, 393 (Tex. 1983). No single provision taken alone will be given controlling effect; rather, all the provisions must be considered with reference to the whole instrument. *Myers v. Gulf Coast Minerals Management Corporation,* 361 S.W.2d 193, 196 (Tex.1962). A proper construction of the terms of a grant, considered in the light of attending circumstances, determines the purpose or extent of the right of use of an easement. *Kearney & Son v. Fancher,* 401 S.W.2d 897, 905 (Tex.Civ.App.–Fort Worth 1966, writ ref'd n.r.e.).

Mindful of these standards as well as the rule that if a term in a conveyance is not specifically defined, that term is given its plain, ordinary, and generally accepted meaning,[4] we turn to the instrument.

According to the instrument, the purpose of the grant from Philpott to the City was creation of a "perpetual and permanent drainage easement." For drainage, the instrument grants the City "liberty of passage . . . over . . . and across" each of the easements described by the instrument. As used here, "passage" means "to go past or across." Merriam-Webster's Collegiate Dictionary 905 (11th ed. 2003). The instrument expresses

---

[4] *See Heritage Resources, Inc. v. NationsBank,* 939 S.W.2d 118, 121 (Tex. 1996) (*citing Western Reserve Life Ins. Co. v. Meadows,* 152 Tex. 559, 261 S.W.2d 554, 557 (Tex. 1953)).

the parties' intention that water drain freely without restraint over and across the easements.

Kothmann argues the language of the instrument permits the City and Rothwell to drain only so much water as will naturally dissipate within the dimensions of the five easements. But this reading requires wringing from the text of the instrument a limitation that the City may do no more than impound water within each easement. This interpretation creates something other than a drainage easement and is not consistent with other language used in the instrument. For example, the instrument vests in the City the right to "set and determine the drainage grade and direction of flow of surface waters." Moreover, the instrument grants the City maintenance access to the easements for the "free and unobstructed drainage of surface waters," a purpose clearly at odds with Kothmann's reading.

Kothmann further argues the trial court's ruling renders the stated boundaries of the easements meaningless, contrary to standards of contract construction. We again disagree. Under the instrument language, the City's maintenance access and activities are limited to the described boundaries, as are its right to set and determine drainage grade and direction of water flow. Further, the restrictions on the erection of buildings or like structures exist only within the boundaries of the easements. But, consistent with the stated purpose and other terms of the easement, we cannot agree the flow of water is limited in the way Kothmann sees it. The trial court did not err in declaring that surface water could flow beyond the boundaries of the five easements. We overrule Kothmann's first issue.

6

The trial court also declared the instrument free of ambiguity. In his second issue, Kothmann challenges this declaration, contending as an alternative proposition that each party's interpretation of the instrument is legally reasonable, rendering the instrument ambiguous.

A contract is ambiguous if after applying established rules of construction it is susceptible to more than one reasonable meaning. *DeWitt County Elec. Coop., Inc.,* 1 S.W.3d 96, 100 (Tex. 1999). With respect to the declarations sought, we find the instrument is subject to only one reasonable interpretation, that expressed by the trial court in its judgment. The instrument is not ambiguous. Kothmann's second issue is overruled.

Having overruled Kothmann's two issues on appeal, we affirm the judgment of the trial court.


James T. Campbell
Justice