

In The

Court of Appeals

Seventh District of Texas at Amarillo

No. 07-23-00020-CV

GREENWORLD CONSTRUCTION MATERIALS
& SERVICES USA, LLC, APPELLANT

V.

C & T PARTNERSHIP, APPELLEE

On Appeal from the 126th District Court
Travis County, Texas
Trial Court No. D-1-GN-21-001256, Honorable Gary Harger, Presiding

August 11, 2023

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

This restricted appeal was filed by Appellant, Greenworld Construction Materials Services USA, LLC ("Greenworld"), challenging a default judgment granted in favor of Appellee, C & T Partnership ("C & T"). Greenworld raises three issues: (1) sufficiency of the evidence supporting the award of rental damages; (2) sufficiency of the evidence supporting the award of broker's fees and costs for repairs; and (3) sufficiency of the

evidence supporting the award of attorney's fees. Because we find error on the face of the record, we reverse and remand for further proceedings.[1]

## BACKGROUND

This appeal arises out of a breach of a commercial lease agreement between Greenworld and C & T.[2] In October 2018, Greenworld, as tenant, and C & T, as landlord, executed a three-year commercial lease for property located in Travis County, Texas.[3] By January 2021, Greenworld stopped paying rent and abandoned and surrendered the premises.

In March 2021, C & T terminated the lease, filed the present suit, and served Greenworld with process. C & T's sole claim was for breach of the commercial lease. Greenworld did not answer the lawsuit. In May 2021, C & T moved for default judgment. The hearing on the default judgment occurred in June 2021.

In July 2021, the trial court granted C & T's motion for default judgement. Greenworld, having not made any appearance in the case or participated in the default hearing, timely filed this restricted appeal.

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001. Should a conflict exist between precedent of the Third Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

[2] Greenworld does not dispute liability in this appeal, and therefore we take the facts pleaded by C & T as true.

[3] C & T did not plead the term of the lease in its petition. While the lease provides for the rental rate for 49 months, the "Term" is defined as "Thirty Seven (37) months" after the "Commencement Date." For the reasons stated in this opinion, we interpret the term of the lease to be thirty-seven months.

## STANDARD OF REVIEW

A restricted appeal is a procedural device available to a party that did not participate, either in person or through counsel, in a proceeding that resulted in a judgment against the party and constitutes an attack on a default judgment. *See* TEX. R. APP. P. 30*; In re Marriage of Serbin*, No. 07-18-00349-CV, 2020 Tex. App. LEXIS 1477, at *2–3 (Tex. App.—Amarillo Feb. 20, 2020, no pet.) (mem. op.) (citations omitted). To prevail on a restricted appeal, the filing party must show: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of, and it did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Ex parte D.T.*, No. 07-20-00162-CV, 2021 Tex. App. LEXIS 8450, at *3–4 (Tex. App.—Amarillo Oct. 18, 2021, no pet.) (mem. op.) (citing *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam)). The first three requirements for a restricted appeal are jurisdictional but the fourth is not. *Ex parte D.T.*, No. 07-20-00162-CV, 2021 Tex. App. LEXIS 8450, at *3–4 (citing *Ex parte E.H.*, 602 S.W.3d 486, 497 (Tex. 2020)). The parties do not dispute the first three elements in this case, only the fourth.

The face of the record, for purposes of a restricted appeal, consists of all the papers that were before the trial court when it rendered its judgment. *Macut v. Cool Insulation Co.*, No. 03-18-00729-CV, 2019 Tex. App. LEXIS 7435, at *3 (Tex. App.—Austin Aug. 22, 2019, no pet.) (mem. op.) (citing *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848–49 (Tex. 2004); *General Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 944 (Tex. 1991)). In determining whether there is error

3

apparent on the face of the record, we must review the legal and factual sufficiency of the claims at issue. *Norman Communs. v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (citations omitted). Review by restricted appeal affords an appellant the same scope of review as an ordinary appeal. *Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020) (citation omitted). The task of determining error on the face of the record ultimately requires an analysis of the merits of the appellant's grounds for appeal. *Id.* Error may not be inferred from the record and must be demonstrated by the documents in the record, not from the absence of documents from the record. *Gold v. Gold*, 145 S.W.3d 212, 213 (Tex. 2004), *overruled in part*, *Ex parte E.H.* 602 S.W.3d at 496.

We review the granting of a default judgment for an abuse of discretion. *Patton Children's Tr. v. Hamlin*, No. 07-07-00488-CV, 2008 Tex. App. LEXIS 6396, at *16–17 (Tex. App.—Amarillo Aug. 20, 2008, no pet.) (mem. op.) (citations omitted). We do not indulge the usual presumption of the validity of the judgment, and every step of the proceeding from process to final judgment is open to examination. *Id.* In a no-answer default judgment, all factual allegations set forth in the petition are deemed admitted, except the amount of damages. *Tex. Commerce Bank v. New*, 3 S.W.3d 515, 516 (Tex. 1999). The appropriate remedy when an appellant is entitled to a restricted appeal is to remand the matter for a new trial on the issue of unliquidated damages. *In re Marriage of Williams*, 646 S.W.3d 542, 545 (Tex. 2022).

We review the trial court's interpretation of an unambiguous contract de novo, giving no deference to the trial court's interpretation. *Kothmann v. Rothwell*, 280 S.W.3d 877, 879 (Tex. App.—Amarillo 2009, no pet.). Whether a party may recover reasonable attorney's fees is a question of law for the trial court which we review de novo. *Brent v.*

4

*Field*, 275 S.W.3d 611, 621 (Tex. App.—Amarillo 2008, no pet.) (citing *Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94, 95 (Tex. 1999)).

## ANALYSIS

Because this is a restricted appeal from a no-answer default judgment, Greenworld's liability is admitted and not at issue. *Supra*. A no-answer default judgment, although settling questions of liability, must still be supported by evidence as to damages awarded:

> A defendant who defaults admits all allegations of facts except unliquidated damages. *See Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992); *Stoner v. Thompson*, 578 S.W.2d 679, 684–85 (Tex. 1979); *First Nat'l Bank of Irving v. Shockley*, 663 S.W.2d 685, 689 (Tex. App.—Corpus Christi 1983, no writ). If damages are unliquidated or not proved by an instrument in writing, the court must hear evidence as to damages before it may grant a default judgment. TEX. R. CIV. P. 243. When a plaintiff's claim is liquidated and proven by an instrument in writing, the plaintiff may be awarded damages without the necessity of a hearing or the presentation of evidence. *Burrows v. Bowden*, 564 S.W.2d 474, 475 (Tex. [] App.—Corpus Christ 1978, no writ); TEX. R. CIV. P. 241. A claim is liquidated if the amount of damages caused by the defendant can be accurately calculated by the court from: (1) the factual, as opposed to conclusory, allegations in the petition, and (2) an instrument in writing. *Freeman v. Leasing Assocs., Inc.*, 503 S.W.2d 406, 408 (Tex. [] App.—Houston [14th Dist.] 1973, no writ).

*Oliphant Fin., LLC v. Patton*, No. 05-07-01731-CV, 2010 Tex. App. LEXIS 1865, at *6–9 (Tex. App.—Dallas Mar. 17, 2010, pet. denied) (mem. op.) (citations original). Our task is to first determine whether the damages awarded were liquidated or unliquidated. If the damages awarded are liquidated, we must ensure the calculation of damages was correct; if unliquidated, we must review the sufficiency of the evidence presented in support of the damages awarded. In this case, the evidence presented by C & T was insufficient to support the award of unliquidated damages.

5

### *Lease Term Interpretation*

Greenworld argues the rental damages awarded by the trial court were not correctly calculated in accordance with the lease terms. According to Greenworld, the lease term stated in the agreement was thirty-seven months, but the trial court awarded damages based on C & T's assertion the term was forty-nine months.

The lease clearly states under paragraph 1.(g) the "Term" is defined as: "Commencing on the 'Commencement Date', [sic] as defined in Section 3 hereof, and ending <u>Thirty Seven (37)</u>[sic] months thereafter, . . . ." (Emphasis original).[4] The lease began on the Commencement Date of November 1, 2018, and any damages assessed by the trial court after November 1, 2021, was not supported by evidence.[5]

Notwithstanding the plain language of paragraph 1.(g), C & T argues the lease term should be interpreted as being forty-nine months. In support of its argument, C & T points to two items: (1) paragraph 1.(i), which is a summary of the base rents due over the term of the lease; and (2) an attachment to the lease ("Exhibit C"), containing additional terms not found in the main body of the lease. Paragraph 1.(i) is a base rent rate summary for the escalating base rents over the term of the lease, and it shows a base rent rate for months thirty-eight through forty-nine. Exhibit C contains "[m]iscellaneous [p]rovisions," including a termination option whereby:

---

[4] "Term" also determines the duration of payment of "Base Rental" under Paragraph 4 of the lease, which states: "Beginning on the 2nd month after the Commencement Date, Lessee hereby agrees to pay, without deduction or offset, a base monthly rental [] as set forth in Section 1(i) throughout the **Term**." (Emphasis added.).

[5] "Commencement Date" is defined as "November 1, 2018." Because the rent is due on the first of the month and the lease term expired thirty-seven months later on December 1, 2021, the final rent payment was due on November 1, 2021.

> Lessee shall have the one-time option to terminate this Lease effective as of the last day of month 37 of the Lease term [sic], provided that . . . Lessee shall pay to Lessor a sum equal to [unamortized costs] plus an amount equal to [one] month of [rent] applicable to month 38 of the Lease term . . .

This Court is urged to read these provisions together to find the intent of the parties was to have a forty-nine-month lease term, not thirty-seven. Neither C & T nor Greenworld argue the lease is ambiguous.

The Texas Supreme Court recently re-emphasized the standards for contract interpretation:

> Our primary concern when interpreting contract language is to give effect to the parties' intentions, as expressed in the contract language. *Barrow-Shaver Res. Co. v. Carrizo Oil & Gas, Inc.*, 590 S.W.3d 471, 479 (Tex. 2019); *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 333–34 (Tex. 2011). We give terms their plain, ordinary, and generally accepted meaning unless doing so would defeat the parties' intent. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 662 (Tex. 2005). Further, we examine the instrument in its entirety in an effort to harmonize and give effect to all contractual provisions so that none will be rendered meaningless. *See Coker v. Coker*, 650 S.W.2d 391, 394 (Tex. 1983). Contract terms cannot be viewed in isolation; each provision must be considered in the context of the contract as a whole. *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 889 (Tex. 2019). If, under these rules of construction, the agreement's language can be given a certain or definite meaning, the agreement is not ambiguous, and the contract will be construed as a matter of law. *Great Am. Ins. Co. v. Primo*, 512 S.W.3d 890, 893 (Tex. 2017).

*Austin Tr. Co. v. Houren*, 664 S.W.3d 35, 42 (Tex. 2023) (citations original).

C & T argues "[i]t would make no sense to include an early termination option at month 37 if the entire term of the lease was only 37 months. It would also not make sense to agree on the Base Rental amounts for months 38–49, if the Lease was only 37 months." C & T's notion of "rendered meaningless" is based upon the idea a tenant would likely not

exercise the termination option if the term of the lease expired on the same date the termination option becomes effective.[6]  It arrives at the conclusion the parties' intention was to have a forty-nine month term in an attempt to "harmonize" paragraphs 1.(i), and Exhibit C.  We disagree with C & T's interpretation.

While C & T is concerned Greenworld's straightforward interpretation of paragraph 1.(g) would necessarily render the termination option of Exhibit C "meaningless," C & T's interpretation requires us to completely ignore, override, and void the plain language of paragraph 1.(g) stating the lease term is thirty-seven months.  Moreover, the "one-time option to terminate" in Exhibit C is not "meaningless" if the lessee chooses to extend and renew the lease beyond the original thirty-seven months term.

Section 7 of the lease requires the lessee to give at least 120 days' notice to exercise the renewal period, or four months before the end of the term.  The termination provision contained in Exhibit C, by contrast, requires three months' notice before the end of the term.[7]  Harmonizing all provisions, the termination clause has a "meaningful" effect in a narrow circumstance: the lessee exercises its option to renew and extend the lease term, but then changes its mind for some reason.  In this situation, the lessee will still have the option to terminate by the end of the original lease term by giving notice at least three months prior to the end of the term.  Therefore, because we can give the language of the contract a certain and definite meaning, it is unambiguous, and we construe it as a matter of law.

---

[6] "Courts must favor an interpretation that affords some consequence to each part of the instrument so that none of the provisions will be rendered meaningless."  *Coker*, 650 S.W.2d at 394 (citations omitted).

[7] Exhibit C requires notice of termination be given "prior to the last day of month 34 of the Lease term . . . ."

We find the term of the lease was thirty-seven months as a matter of law, and the trial court abused its discretion in awarding damages beyond the term of the lease. Greenworld's first issue is sustained.

### Remaining Issues

Greenworld's issues – sufficiency of the evidence supporting rental damages, broker's fees and repair/restoration costs, and attorney's fees – involve unliquidated damages. The rental damages calculation under paragraph 21.(d) of the lease requires evidence of "present value of rent" and "fair rental value of the [p]remises" which are not defined or provided for within the lease. Similarly, the broker's fees and repair/restoration costs are not provided for in the lease either. Because these items cannot be accurately calculated by the trial court from the factual allegations in the petition and the lease, they are necessarily unliquidated damages. *Oliphant Fin., LLC*, No. 05-07-01731-CV, 2010 Tex. App. LEXIS 1865, at \*6–9. Attorney's fees require expert testimony regarding their reasonableness and necessity, and by their very nature are unliquidated damages. *Twin City Fire Ins. Co. v. Vega-Garcia*, 223 S.W.3d 762, 770 (Tex. App.—Dallas 2007, pet. denied); *Smith v. Tex. Disc. Co.*, 408 S.W.2d 804, 807 (Tex. [] App.—Austin 1966, no writ).

A restricted appeal is necessarily a "direct attack" on the judgment itself. *McMillan v. Tally Two Inv. Grp., LLC*, No. 03-18-00550-CV, 2019 Tex. App. LEXIS 6804, at \*4 n.3 (Tex. App.—Austin Aug. 7, 2019, no pet.) (mem. op.). Once error is found on the face of the record, all unliquidated damages must be remanded for further consideration. This is because of the uncontested nature of a default hearing and the lack of opportunity to fully develop the evidence. As the Texas Supreme Court has explained:

> As a general matter, when we sustain a no evidence point of error after a trial on the merits, we render judgment on that point. Texas courts view an appeal from a default judgment somewhat differently than an appeal from a trial on the merits. In part, this is because an adjudication on the merits is preferred in Texas.
>
> After a default judgment is granted, the trial court must hear evidence of unliquidated damages. However, as a practical matter, in an uncontested hearing, evidence of unliquidated damages is often not fully developed. This is particularly true when the trial judge expresses a willingness to enter judgment on the evidence that has been presented. Therefore, when an appellate court sustains a no evidence point after an uncontested hearing on unliquidated damages following a no-answer default judgment, the appropriate disposition is a remand for a new trial on the issue of unliquidated damages.

*Holt Atherton Indus., Inc.*, 835 S.W.2d at 86 (citations omitted). Because we find error on the face of the record and we are required to remand the matter for a new trial on unliquidated damages, we must necessarily reverse the award of damages. *Id.*; *In re Marriage of Williams*, 646 S.W.3d at 545.

Accordingly, we do not reach the remainder of Greenworld's issues, as they are not necessary to the disposition of this appeal. TEX. R. APP. P. 47.1.

## CONCLUSION

Because Greenworld demonstrated its right to bring this restricted appeal, we affirm the default judgment granted by the trial court as to liability and reverse and remand the issue of unliquidated damages for further proceedings in accordance with this opinion.

Alex Yarbrough
Justice

10